PER CURIAM.
This is an interlocutory appeal by the husband, Bruce A. Bob, from an order of the trial court directing the husband to pay the sum of $250 as attorneys fees to the wife’s attorney on a post-judgment motion for non-payment of the alimony provided in the final judgment of dissolution of marriage.
The wife, while in New York, filed an affidavit stating that she has not received any alimony payments from the husband, as provided in the final judgment of dissolution of marriage, together with a motion for contempt and a notice of hearing. On the day before the hearing, the husband, residing in California, filed a response to the motion and an affidavit stating his reasons for not paying the alimony. No testimony was taken by the trial judge since neither the wife nor the husband appeared at the hearing, although both were represented by counsel. The husband was not held in contempt, but the court sua sponte ordered him to pay the sum of $250 to the *799 wife’s attorneys for services in connection with the filing of the motion for contempt and the hearing thereon. The order herein appealed does not reflect any reason for such award. We also note that the wife’s attorneys did not request attorneys fees in the motion or at the hearing.
In'the posture of this case, an award of attorneys fees was improper where the pleadings did not seek attorneys fees and there was no evidence presented relative to the issue of attorneys fees. Fairall v. Fairall, Fla.App.1965, 178 So.2d 339; Goldblatt v. Goldblatt, Fla.App.1973, 277 So.2d 34; Ortiz v. Ortiz, Fla.App.1968, 211 So.2d 243.
Therefore, under the facts presented, it was error for the court to award attorneys fees and we reverse.