DOWNEY, Judge.
The appellant, Janet L. Bashaw, petitioned the trial court to modify the final judgment of dissolution and increase the amount of alimony awarded to her. From an order denying her petition appellant has perfected this appeal. We affirm.
In the final judgment of dissolution the trial court awarded the appellant a piece of rental property in Dallas, Texas, which produces a net rental of $255 per month; $312.50 per month rehabilitative alimony for 24 months; possession of the marital home for 24 months; some personal property; and attorney’s fees. At that time the wife was earning $98 per week. The judge awarded appellee the marital home (subject to the appellant’s possession for 24 months) and some personal property. At that time the husband’s annual income was approximately $32,000.
Mrs. Bashaw’s appeal from the final judgment resulted in this court’s reversing the award of rehabilitative alimony and directing that it be made permanent.[1] Some months after this court’s mandate issued, appellant filed her petition to modify the award of alimony from $312.50 to $850 per month and to extend her possession of the marital home until the hearing on the petition to modify.
The evidence adduced by the parties at the modification hearing showed that at the time of the hearing appellant had income of $150 per week from her salary; her income from the Dallas rental property had increased by $25 per month from the time of dissolution and she received $160 per month from a boarder in a home that she had been forced to rent when her possession of the marital home was terminated. She also received $350 per month permanent alimony. On the liability side of the ledger, appellant was paying $350 per month rent and owed numerous bills. The evidence relative to the husband’s changed circumstances reflected that he was then earning approximately $42,000 per year.
According to appellant’s calculations the appellee’s income had increased approximately 25% during the interim from final judgment to hearing on the petition for modification. The appellant’s income picture increased at about the same rate, if one excludes the income from the boarder. Of course, appellant has certain outstanding bills and she now has to pay rent for lodging, whereas, at final judgment she was given possession of the marital home for 24 months. However, these latter circumstances were contemplated by the final judgment and thus may not be considered as a change in circumstances. Jaffee v. Jaffee, 394 So.2d 443 (Fla. 3rd DCA 1981); Ashburn v. Ashburn, 350 So.2d 1158 (Fla. 2d DCA 1977); Howell v. Howell, 301 So.2d 781 (Fla. 2d DCA 1974).
*435 When one considers appellant’s current financial situation as compared with appel-lee’s, the disparity in incomes lies in the original award made in the final judgment, which this court approved in the prior appeal except for the rehabilitative alimony. Excluding anticipated changes, the disparity has not changed substantially. Thus, no error has been demonstrated in the order appealed from.
AFFIRMED.
LETTS, C. J., and HURLEY, J., concur.

. Bashaw v. Bashaw, 382 So.2d 1352 (Fla. 4th DCA 1980).