426 So.2d 1052 (1983)
Gene ROSEN, Appellant,
v.
Eileen ROSEN, Appellee.
Nos. 82-131, 82-1413 and 82-1444.
District Court of Appeal of Florida, Third District.
January 25, 1983.
Rehearing Denied March 8, 1983.
*1053 Joseph Pardo, Miami, for appellant.
Horton, Perse & Ginsberg and Mallory Horton, Miami, for appellee.
Before SCHWARTZ, C.J., and HUBBART and NESBITT, JJ.
SCHWARTZ, Chief Judge.
In case no. 82-131, the husband appeals from a final judgment entered after an earlier one was reversed in part in Rosen v. Rosen, 386 So.2d 1268 (Fla.3d DCA 1980), rev. denied, 392 So.2d 1378 (Fla. 1981). Because the award of $2,000 per month in permanent alimony was fully justified both by the record and our prior opinion, we reject Rosen's contention that it represents an abuse of the trial court's discretion. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980); Rosen v. Rosen, 386 So.2d at 1272.
The provision of the judgment now under review requiring the payment of a bill of the wife's psychiatrist which was incurred before, but was not allowed in the initial judgment is, however, reversed. It is clear that this award constitutes an unauthorized departure from the limited terms of our mandate, which did not permit the reconsideration of this issue. Beach Resort Hotel Corp. v. Wieder, 83 So.2d 863 (Fla. 1955); Sullivan v. Chase Federal Savings & Loan Assn., 132 So.2d 341 (Fla.3d DCA 1961); 3 Fla.Jur.2d Appellate Review § 405 (1978).
Case nos. 82-1413 and 82-1444 are appeals by Ms. Rosen from an order in which the trial court, upon its denial of the motion to hold her husband in contempt, and without any request or previous indication of an intention to do so, summarily awarded him attorney's fees for defending the application. As Rosen's counsel candidly and commendably conceded at oral argument, this order was incorrectly entered and is therefore reversed. Bob v. Bob, 312 So.2d 798 (Fla.3d DCA 1975) (attorney's fee not awardable in matrimonial proceeding in absence of proper prayer or other previous notice); see Autorico, Inc. v. Government Employees Ins. Co., 398 So.2d 485, 486 (Fla. 3d DCA 1981) (proper motion, notice, and judicial determination of frivolousness necessary for fee award under § 57.105); Steinhardt v. Eastern Shores White House Association, Inc., 413 So.2d 785 (Fla. 3d DCA 1982) (§ 57.105 fees not awardable against party which has not been successful in entire case).
Affirmed in part, reversed in part.