COBB, Judge.
The parties petitioned the lower court to dissolve their marriage of almost 17 years. The Final Judgment of Dissolution from which the former husband appeals is affirmed, except with respect to the award of permanent periodic alimony to the former wife. Given the former wife’s lump sum alimony award of the husband’s one-half interest in the jointly-owned marital home,[1] her good health and her education, only an award of rehabilitative alimony is proper. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980); Campbell v. Campbell, 432 So.2d 666 (Fla. 5th DCA 1983); Hair v. Hair, 402 So.2d 1201 (Fla. 5th DCA 1981), review denied, 412 So.2d 465 (Fla.1982); cf., G’Sell v. G’Sell, 390 So.2d 1196 (Fla. 5th DCA 1980).
Accordingly, the portion of the Final Judgment awarding permanent periodic alimony is reversed and this cause is remanded for the lower court to enter an award to the former wife of rehabilitative alimony for a period of two years, the length of time which the record reflects she will need to obtain a teaching certificate. The Final Judgment is in all other respects
AFFIRMED.
DAUKSCH and SHARP, JJ., concur.

. According to the former wife's testimony, the net proceeds from the sale of the marital home would be approximately $120,000. This amount, less the $65,000 mortgage, is $55,000, one-half of which, $27,500, would be the value of the former husband's interest, which the lower court awarded as lump sum alimony.