528 So.2d 42 (1988)
Eileen ROSEN, Appellant,
v.
Gene ROSEN, Appellee.
No. 87-843.
District Court of Appeal of Florida, Third District.
June 21, 1988.
Rehearing Denied August 3, 1988.
Joe N. Unger, Miami, for appellant.
Steel, Hector & Davis and Robert W. Goldman, Miami, for appellee.
Before SCHWARTZ, C.J., and NESBITT and JORGENSON, JJ.
PER CURIAM.
We reverse a judgment that modified a permanent periodic alimony award previously affirmed by this court, Rosen v. Rosen, 426 So.2d 1052 (Fla. 3d DCA 1983), because the bases for modification, excluding a $100,000 gift made to Eileen Rosen by her father, do not reflect any significant change in circumstance from the time of entry of the original award. Bashaw v. Bashaw, 412 So.2d 433 (Fla. 4th DCA 1982); Jaffee v. Jaffee, 394 So.2d 443 (Fla. 3d DCA 1981). Specifically, the wife's employability was known at the time of the previous award and, thus, could not be considered. Coe v. Coe, 352 So.2d 559, 560 (Fla. 2d DCA 1977); Howell v. Howell, 301 So.2d 781, 782 (Fla. 2d DCA 1974).
However, the evidence of the paternal gift, which generates interest income of approximately $10,000 a year, could constitute the required substantial change in circumstance. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980); Turner v. Turner, 383 So.2d 700 (Fla. 4th DCA), review denied, 392 So.2d 1381 (Fla. 1980). Appellant concedes as much in her brief. Nevertheless, we fail to see how that income could justify a reduction of $18,000 per year in alimony, which is what the trial judge ordered. Accordingly, we remand for further proceedings solely on the issue of the impact of the annual interest income on Eileen Rosen's alimony needs. At the hearing, it would be proper for the judge to consider the effect of inflation on the original alimony award. Wolfe v. Wolfe, 424 So.2d 32 (Fla. 4th DCA 1982); Greene v. Greene, 372 So.2d 189 (Fla. 3d DCA 1979).
Reversed and remanded.