659 So.2d 368 (1995)
Gene ROSEN, Appellant,
v.
Eileen ROSEN, Appellee.
Nos. 93-2589, 93-1655.
District Court of Appeal of Florida, Third District.
July 5, 1995.
Rehearing Denied September 13, 1995.
Genet & Criscuolo and Donald Criscuolo, North Miami Beach, for appellant.
Joe N. Unger, Miami; Lawrence A. France, North Miami Beach, for appellee.
*369 Before BARKDULL, GERSTEN and GREEN, JJ.
PER CURIAM.
After a nine-year marriage, which produced two children and was dissolved in 1979, the parties hereto have engaged in continuous litigation. Rosen v. Rosen, 576 So.2d 308 (Fla. 3d DCA 1990); Rosen v. Rosen, 528 So.2d 42 (Fla. 3d DCA 1988); reh'g denied, 537 So.2d 569 (Fla. 1988); Rosen v. Rosen, 426 So.2d 1052 (Fla. 3d DCA 1983); Rosen v. Rosen, 386 So.2d 1268 (Fla. 3d DCA 1980) reh'g denied, 392 So.2d 1378 (Fla. 1981).[1] Following these opinions, the former wife, on May 6, 1991, filed a petition to enforce this court's mandate on the opinion and decision found in Rosen v. Rosen, 528 So.2d 42 (Fla. 3d DCA 1988), sought an award of attorney's fees and costs, an increase in alimony and child support, reimbursement of payment of psychologist's bill and certain other relief, including interest on the arrearage. The former husband sought a reduction in alimony, a reduction in child support and a change in the alimony from permanent to rehabilitative. After several hearings the trial court entered an order which is the subject matter of this appeal, which, among other things, granted or denied the following relief:
1. Modified the alimony award to the amount of $2,750 per month.
2. Failed to impute interest to the wife for the $100,000 gift she returned.
3. Awarded lump sum alimony for repairs to the house and a new car.
4. Awarded prejudgment interest.
5. Increased child support from $1,300 a month to $2,724 a month.
6. Ordered reimbursement of a psychologist's bill.
7. Failed to convert the alimony from permanent to rehabilitative, and,
8. Awarded attorney's fees to the wife.
We find no error in items 1 and 5, however, we are of the view, following a review of the record, that the wife voluntarily divested herself of the $100,000.00 gift from her father. She therefore lost its interest earning power and that interest should be imputed to her on this divested amount at the rate of the annual return received by the owner of a 30 year U.S. government bond as of the date of our mandate in the decision reported in Rosen v. Rosen, 528 So.2d 42 (Fla. 3d DCA 1988). We also reverse the award of retroactive interest prior to the wife filing the petition to enforce the mandate in May, 1991.[2] The awards of lump sum alimony as to repairs to the house, and the purchase of a new automobile are hereby reversed and vacated. (The cash sums that wife will receive in accrued alimony and child support should be used for these purposes). The award of reimbursement for the psychologist bill is reversed because of a failure of the trial court to receive evidence as to its reasonableness as directed in Rosen v. Rosen, 576 So.2d 308 (Fla. 3d DCA 1991). Morris Kirschman & Co. Inc., and Continental Ins. Co. v. Thomas and Willie Mae Garrett, 308 So.2d 575 (Fla. 1st DCA 1975).
The former wife has a master's degree in education, the children will both be in college by the fall of 1995, and there is no justifiable reason why the former wife should not enter the work force. We find error in the award of permanent alimony rather than rehabilitative under the reasoning and dictates found in Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980); Rojas v. Rojas, 656 So.2d 563 (Fla. 3d DCA 1995); Siegel v. Siegel, 564 So.2d 226 (Fla. 5th DCA 1990); Contogeorgos v. Contogeorgos, 482 So.2d 590 (Fla. 4th DCA 1986); Perry v. Perry, 448 So.2d 588 (Fla. 5th DCA 1984); Campbell v. Campbell, 432 So.2d 666 (Fla. 5th DCA 1983); James v. James, 443 So.2d 1029 (Fla. 5th DCA 1983); Crees v. Crees, 342 So.2d 1014 (Fla. 4th DCA 1977); Reback v. Reback, 296 So.2d 541 (Fla. 3d DCA 1974). We therefore convert the permanent alimony to rehabilitative alimony to terminate on September 30, 1998, which should give the former wife ample time for retraining, and return *370 the matter to the trial court to recompute the alimony award, taking into account the imputed interest per year, then enter an award of rehabilitative alimony for such amount and interest thereon, on any accrued amount from May 20, 1991, to the date of the entry of the award. Such monthly amount as ultimately determined after deduction of the imputed earnings shall continue as periodic rehabilitative alimony through September 30, 1998. The attorney's fee award is reversed and should be reconsidered in light of the reversal of many of the benefits originally received by the former wife and the trial court should take evidence to determine the reasonableness of the psychologist's bill for which the former wife seeks reimbursement.
Reversed and remanded with directions.
NOTES
[1] For background, these decisions should be reviewed.
[2] Delay in enforcement of mandate waived interest. See and Compare Bass v. State Farm Life Ins. Co., 649 So.2d 924 (Fla. 3d DCA 1995).