714 So.2d 524 (1998)
John R. WILKINSON, Appellant,
v.
Shirley M. WILKINSON, Appellee.
No. 97-2453.
District Court of Appeal of Florida, Fifth District.
June 12, 1998.
Rehearing Denied July 29, 1998.
Jack A. Nants, Orlando, and Kelvin L. Averbuch, Lake Mary, for Appellant.
David A. Sims of Doss & Sims, P.A., Altamonte Springs, for Appellee.
ANTOON, Judge.
John Wilkinson (husband) appeals the final judgment dissolving his marriage to Shirley Wilkinson (wife). We affirm the dissolution of marriage, but reverse the awards of alimony, attorney's fees, and equitable distribution.
In the final dissolution judgment, the trial court determined that the husband had the obligation to pay the wife permanent periodic alimony after imputing his income to be $4,000 per month. However, the trial court erred because it did not identify with particularity the source of the husband's imputed income. See Vick v. Vick, 675 So.2d 714, 717 (Fla. 5th DCA 1996). As a result of this error, we must reverse the award of *525 permanent periodic alimony and remand for reconsideration.
The trial court's failure to identify the source of the husband's imputed income also invalidates the court's order directing the husband to pay $6,000 of the wife's attorney's fees. Pursuant to section 61.16(1), Florida Statutes (1995), "[t]he court may from time to time, after considering the financial resources of both parties, order a party to pay a reasonable amount for attorney's fees...." In Rosen v. Rosen, 696 So.2d 697, 700 (Fla. 1997), our supreme court stated that "the financial resources of the parties are the primary factor to be considered ...," but other factors may also be considered. Id. These other factors include "the scope and history of the litigation; the duration of the litigation; the merits of the respective positions; whether the litigation is brought or maintained primarily to harass (or whether a defense is raised mainly to frustrate or stall); and the existence and course of prior or pending litigation." Id.
Here, the trial court cited three reasons for the fee award: 1) the husband had the greater ability to pay; 2) the wife had the need to receive such an award; and 3) the husband asserted unreasonable positions in the case. However, we have reversed the finding as to the husband's imputed income as well as the wife's alimony award. As a result, it is possible that, upon reevaluation of the husband's financial resources and obligations, the husband's ability to pay and the wife's need for contribution towards her attorney's fees may change. Accordingly, we vacate the portion of the final dissolution judgment which awards the wife $6,000 in attorney's fees because, on remand, the findings as to the parties' financial resources may be altered. See Schiller v. Schiller, 625 So.2d 856, 862 (Fla. 5th DCA 1993).
In so ruling, we also note that the trial court concluded that the wife was entitled to receive an award of attorney's fees because the husband asserted "unreasonable positions" regarding the equitable distribution of the parties' marital assets. However, the record does not indicate that the husband intended to "frustrate or stall" the dissolution proceedings. See Rosen, 696 So.2d at 700. In that regard, the husband did not request any continuances nor did he violate any rules of discovery. Moreover, the parties' pretrial negotiations resulted in only a $10,000 difference with regard to equitable distribution. There is no evidence in the record which indicates that the husband's claims were designed to harass the wife. See id. Thus, it does not appear that the husband acted unreasonably during these dissolution proceedings.
Finally, in the equitable distribution portion of the final dissolution judgment, the trial court listed the marital property and assigned a value to each item. It is apparent that the trial court intended to award the difference in the value of the marital property to the wife in order to equalize the distribution; however, the final judgment does not actually order the husband to pay the difference to the wife. As a result, the husband's claim that the trial court erred in determining the equitable distribution is not cognizable on appeal. In any event, we must vacate the equitable distribution and remand for reconsideration in conjunction with the awards for alimony and attorney's fees because, on remand, the parties' financial resources may be altered. See Schiller, 625 So.2d at 862. We also direct the trial court's attention to section 61.075(3)(c), Florida Statutes (Supp.1996), which requires it to include "specific written findings of fact as to ... [i]dentification of the marital liabilities and designation of which spouse shall be responsible for each liability...."
In summary, the trial court erred in imputing income to the husband without indicating the source of such income. This error requires us to vacate the awards of alimony, and attorney's fees, and remand this matter to the trial court with instructions to reconsider these issues as well as equitable distribution in accordance with the Florida Statutes, case law, and this opinion.
AFFIRMED in part; REVERSED in part; VACATED in part; and REMANDED with instructions.
DAUKSCH and PETERSON, JJ., concur.