ON MOTION FOR REHEARING
PER CURIAM.
On rehearing, the father asserts that the award of attorney’s fees must be reversed in light of this court’s reversal of the amount of income imputed to the father. The trial court based its award of fees on several factors. First, the court found that the father’s litigation was spurious and frivolous. See McAliley II v. McAliley, 704 So.2d 611, 613 (Fla. 4th DCA 1997) (attorney’s fees may be awarded as a punitive measure where a spouse institutes frivolous non-meritorious claims that contribute to legal expenses and delay proceedings). It is found that based on the father’s imputed income, he had the superior ability to pay the mother’s attorney’s fees. See Montante v. Montante, 627 So.2d 554, 556 (Fla. 4th DCA 1993) (proper inquiry is whether one spouse has a need and the other spouse has the ability to pay). However, since we have reversed the amount of imcome imputed to the father, it is impossible to determine whether the trial court *409 would still award attorney’s fees to the mother, and in what amount. See Wilkinson v. Wilkinson, 714 So.2d 524, 525 (Fla. 5th DCA 1998); see also Thilem v. Thilem, 662 So.2d 1314, 1317 (Fla. 3rd DCA 1995). As a result, we reverse and remand for reconsideration of attorney’s fees after a redetermination of the father’s ability to pay the mother’s fees.
STONE, C.J., GUNTHER and WARNER, JJ., concur.