746 So.2d 577 (1999)
Laurie Jowers TAYLOR, Appellant,
v.
Roy E. TAYLOR, Sr., Appellee.
No. 99-1225.
District Court of Appeal of Florida, First District.
December 21, 1999.
*578 Paula L. Walborsky, Tallahassee, for Appellant.
Kristin Adamson and Jerome M. Novey of Novey, Mendelson & Adamson, Tallahassee, for Appellee.
PER CURIAM.
In this appeal from an order granting attorney's fees in a proceeding to modify child custody, appellant Laurie Jowers Taylor argues that the lower court abused its discretion in ordering her to pay $21,292 in attorney's fees to the father as a sanction against her. We conclude the award is not warranted under Rosen v. Rosen, 696 So.2d 697 (Fla.1997), and the facts of this case, and therefore reverse.
Appellant and appellee, Roy E. Taylor, Sr., were divorced in Georgia in 1996. The mother was granted primary residential custody of the parties' minor child with reasonable visitation to the father. The court stated that the parties were to consult with each other about "all major decisions as to the health, education and general welfare of said child," but that the mother would have authority to make final decisions in matters that did not conflict with the decree. It further provided that the father had the right to have the child with him "at all reasonable and convenient times and places as may be agreed upon by the parties," but not less than alternate weekends from Thursday, 4 p.m., to Sunday, 6:30 p.m., until the child turned five, at which time visitation would occur on alternate weekends from Friday, 6 p.m., to Sunday, 6 p.m. The father would also be permitted visitation for three weeks twice each summer, and for various holidays and birthdays in alternate years.
Thereafter, the mother and daughter moved to Tallahassee, Florida, and the father soon followed. He eventually filed a motion before the Florida court to modify the Georgia custody decree, alleging that the mother had repeatedly rejected his requests for additional time with the daughter beyond the minimum prescribed in the custody order. He alleged that the mother never consulted with him regarding choice of pre-schools or recreational activities for the child, and that she refused to comply with the summer-visitation schedule. He alleged that the mother moved to Tallahassee from Valdosta, and thereafter relocated from one home in Tallahassee to another without informing him. The father asserted that these circumstances warranted a modified schedule to ensure that he will receive the visitation envisioned by the court.
The mother responded by filing a motion to dismiss for lack of jurisdiction, alleging the husband lacked sufficient jurisdictional ties with Florida to maintain his action. Because the mother had filed a motion to enforce the custody order in Georgia, the trial court stayed the Florida proceedings until the Georgia court determined jurisdiction. After the court in Georgia dismissed the mother's motion, the lower court lifted the stay and granted the father's motion to modify, permitting the father slightly increased periods of visitation consisting of alternate weekends from Friday after school until Monday before school, plus alternate Wednesday evenings from 5:30 until 7:30 p.m. Each party thereafter sought the assessment of fees against the other.
Subsequently, a successor judge entered an order awarding fees to the father, reciting that under Rosen v. Rosen, 696 So.2d *579 697 (Fla.1997), the court could consider matters other than the parties' financial resources when determining fees, such as the merits of the parties' positions, and the course of the litigation. The court found the mother's position to be "totally without merit"; that instead of coming to the court with clean hands, "she has used the court system to frustrate Respondent's request for additional visitation knowing they both were entitled to joint custody," and that the father was "faultless." Because the predecessor judge had found that the father was the successful party, and because the mother had displayed a "bitter, antagonistic and reprehensible attitude" during the proceedings, the court concluded that the child's best interests were served both by the additional visitation as well as an attorney's fee award of $21,292 against the mother.
The lower court has misapplied Rosen to the facts at bar. In Rosen, the parties had divorced in 1979 and thereafter "engaged in continuous litigation." Rosen v. Rosen, 659 So.2d 368, 369 (Fla. 3d DCA 1995). In their latest appeal, the former husband challenged a number of awards, one of which granted fees to the former wife, which the district court reversed and directed the trial court to reconsider "in light of ... [its] reversal of many of the benefits originally received by the former wife." Id. at 370.
In reviewing Rosen, the supreme court concluded that a court is not limited under section 61.16(1), Florida Statutes (1995) to considering only the parties' financial resources in deciding whether to award attorney's fees. It explained that the results obtained and other factors could be considered as follows:
Under this scheme, the financial resources of the parties are the primary factor to be considered. However, other relevant circumstances to be considered include factors such as the scope and history of the litigation; the duration of the litigation; the merits of the respective positions; whether the litigation is brought or maintained primarily to harass (or whether a defense is raised mainly to frustrate or stall); and the existence and course of prior or pending litigation. Had the legislature intended to limit consideration to the financial resources of the parties, the legislature easily could have said so.
Rosen, 696 So.2d at 700 (footnote omitted). The court continued that the trial court should begin with the lodestar amount, and could consider as well the other factors listed above when determining the final amount:
We further find that a court may consider all the circumstances surrounding the suit in awarding fees under section 61.16. Moreover, in situations where a court finds that an action is frivolous or spurious or was brought primarily to harass the adverse party, we find that the trial court has the discretion to deny a request for attorney's fees to the party bringing the suit.
Id. at 701.
Subsequent decisions have interpreted Rosen as authorizing an award of attorney's fees against the non-prevailing party for unreasonably persisting in litigation when there is "no reasonable prospect of success," Diaz v. Diaz, 727 So.2d 954, 958 (Fla.3d DCA 1998), or the denial of fees sought by a party who has engaged in "vexatious and frivolous litigation," Taylor v. Taylor, 734 So.2d 473, 475 (Fla. 4th DCA 1999).
Based upon the record in the case at bar, we conclude that the attorney's fee award against the former wife is unwarranted. There has been no protracted litigation in this case. There is nothing in the record supporting the successor judge's finding that the wife "has used the court system to frustrate Respondent's request for additional visitation knowing they both were entitled to joint custody." Although the mother did not abide by the spirit of the Georgia custody decree, which encouraged the parties' cooperation, she *580 nonetheless appears for the most part to have inflexibly conformed to its literal visitation terms. In response to the father's petition for modification, the mother filed a motion to dismiss on jurisdictional grounds, which she was legally entitled to do, as there appear to have been facts from the record that justified the motion, and there is nothing in the record suggesting that either the Georgia or Florida court considered her motion to be frivolous or without justiciable issue. Although there is evidence in the record that the mother attempted to resist the father's desire for increased visitation, the court's rationale for awarding fees is not supported by the record.
REVERSED.
BARFIELD, C.J., and ERVIN and WOLF, JJ., CONCUR.