767 So.2d 1289 (2000)
Gina Lynn DAKE f/k/a Gina Lynn Dake Kirkley, Appellant/Cross-Appellee,
v.
Andrew P. KIRKLEY, Appellee/Cross-Appellant.
No. 5D99-3447.
District Court of Appeal of Florida, Fifth District.
October 6, 2000.
William R. Northcutt, of William R. Northcutt, P.A., Indian Harbour Beach, for Appellant/Cross-Appellee.
Douglas D. Marks, of Dean, Mead, Spielvogel, Goldman & Boyd, Melbourne, for Appellee/Cross-Appellant.
HARRIS, J.
The issue in this case is the appropriateness of the amount of the award of attorneys fees.[1]
After the court found that the husband's net income is $4,195 per month and the wife's monthly net income is $1, 098, it *1290 awarded only $2,200 in attorneys fees for the wife even though the court found the reasonable hours expended by the wife's counsel was 135 hours and a reasonable hourly rate would be $175 which would indicate a finding of a reasonable fee of some $23,000.
We cannot tell from the record the basis of the court's award. It is speculated that one reason is that the wife unnecessarily and unreasonably spent time in trying to get permanent alimony for a two-year old marriage. Perhaps that explains some reduction.
It is also speculated that the court reduced the wife's award because she unnecessarily and improperly caused the issue which became so time consuming. In the husband's initial complaint for dissolution, he agreed that custody should be given to the wife with reasonable visitation awarded to him. However, because of the wife's conduct during the first nine months of separation in attempting to prevent or in hampering the father's visitation with the child, the father amended his complaint to seek custody. The court did find that the wife "had a problem sharing visitation and a problem with keeping the petitioner informed of events pertaining to the minor child." If the court found that but for the wife's intransigency the time-consuming issue of custody would not have been raised, a reduction in attorneys fees might well be justified. We agree with the husband that Rosen v. Rosen, 696 So.2d 697 (Fla.1997), contemplates that more than needs and ability should be considered in awarding attorneys fees. Improper conduct of one spouse which creates a need for extensive litigation should also be considered.
It is possible that the court, in finding that the husband owes his own attorney $15,000 to $20,000 and, when considered with the marital debts assumed by the husband and the child support ordered, found that the husband simply cannot afford to pay a greater share of the wife's attorneys fees within a reasonable period of time (the court required the husband's contribution to the wife's attorneys fees to be made within 180 days).
It may be, however, that the court misapprehended the testimony that the wife had paid all but $5,000 of her attorneys fees (this figure is disputed on appeal) and based the husband's contribution on this figure.
Because the record suggests that a greater award of attorneys fees may be indicated but because the judge made findings of fact that might justify the reduction but does not reveal that the court reduced the award from what it found would be a reasonable fee because of any such finding, we reverse the award of attorney's fees and remand to the trial court for further consideration.
REVERSED and REMANDED.
W. SHARP, J., and ORFINGER, M., Senior Judge, concur.
NOTES
[1] The custody award was challenged on cross-appeal but we find the issue controlled by Canakaris.