867 So.2d 1198 (2004)
Chris Carleton ELLIOTT, Appellant,
v.
Sue Day ELLIOTT, Appellee.
No. 5D02-1997.
District Court of Appeal of Florida, Fifth District.
March 5, 2004.
Rehearing Denied March 24, 2004.
*1199 Jamie Billotte Moses of Fisher, Rushmer, Werrenrath, Dickson, Talley & Dunlap, P.A., Orlando, for Appellant.
Catherine G. Swain of Catherine G. Swain, P.A., Daytona Beach, for Appellee.
PLEUS, J.
The husband challenges numerous aspects of the final judgment of dissolution. We conclude that the trial court's imputation of bonus income to the husband and its determination of enhancement value of the husband's stock ownership during the marriage are supported by substantial competent evidence and were within its broad discretionary authority. See Jones v. Jones, 633 So.2d 1096 (Fla. 5th DCA 1994); Doyle v. Doyle, 789 So.2d 499 (Fla. 5th DCA 2001); Gerthe v. Gerthe, 857 So.2d 306 (Fla. 2d DCA 2003). There are, however, two aspects of the final judgment which require reconsideration.
First, in determining alimony and child support, the trial court erred in failing to attribute interest income to the wife. The final judgment of dissolution awards the wife $444,460.14 in marital assets. This amount includes the $336,950.28 proceeds from the sale of the marital home, two stock accounts ($24,855.42 and $32,175.15) and a tax refund of $11,879.00. The husband points out that he adduced evidence from an investment broker of potential rates of return on such monies of somewhere between 1.85% and 5%.
The wife concedes that testimony regarding potential rates of return was adduced but she asserts that: (1) she anticipated a portion of these liquid assets would be used to pay her attorney's fees and costs and for a down payment on a home and (2) investment income was not imputed to the husband even though he received proceeds from the sale of the marital home totaling $64,555.77 as well as a commercial lot valued at $165,000 which he could either sell or lease. The wife, however, adduced no evidence of investment income available to the husband.
Pursuant to section 61.08(2)(g), Florida Statutes,[1] investment income should be considered in determining support issues. McLean v. McLean, 652 So.2d 1178 (Fla. 2d DCA 1995) ("When a party receives an asset in equitable distribution that will result in immediate investment income, we see no reason for that income to be excluded from consideration under section 61.08(2)(g)"). See also Rosecan v. *1200 Springer, 845 So.2d 927 (Fla. 4th DCA 2003), rev. denied, 858 So.2d 332 (Fla. 2003). The husband presented evidence of potential rates of return and the court should have considered possible interest income available to the wife on the substantial liquid assets awarded to her. In so doing, the trial court can take into account the portion needed for her attorney's fees and house down payment.
Second, the trial court failed to make adequate findings in support of its decision to assess one-half of the wife's attorney's fees against the husband. While the amount of the wife's fees was not determined, the wife asserts the husband will be liable for approximately $25,473.66 plus one-half of the attorney's fees and costs incurred from March 20, 2002 to April 15, 2002. The court explained in the final judgment:
14. Attorney's Fees. Ordinarily, where there has been a substantial and equal division of marital assets as here, each party will be required to pay his or her own attorney's fees. Wilkerson v. Wilkerson, 623 So.2d 1192 (Fla. 5th DCA 1993). However, this case has been excessively and unnecessarily litigated by the Husband. Discovery costs have been substantially increased by his lack of cooperation with discovery requests that are clearly proper under the rules. He has failed to comply with orders compelling disclosure. "Under this scheme (§ 61.16, Florida Statutes), the financial resources of the parties are the primary factor to be considered. However, other relevant circumstances to be considered include factors such as the scope and history of the litigation; the duration of the litigation; the merits of the respective positions; whether the litigation is brought or maintained primarily to harass (or whether a defense is raised mainly to frustrate or stall); and the existence and course of prior or pending litigation." Rosen v. Rosen, 696 So.2d 697 (Fla.1997). Virtually all of these factors apply to the Husband's conduct during these proceedings. In order to compensate the Wife for the unnecessary increase in her cost attributable to the Husband, the court orders the Husband to reimburse her one-half of her attorney's fees and costs.
The husband argues that Rosen does not apply, that both parties vigorously litigated this case but not to a degree warranting sanctions by way of assessment of attorney's fees. The husband maintains that the trial court abused its discretion in ordering him to pay one-half of the wife's attorney's fees where she received substantial liquid assets in the equitable distribution. Alternatively, the husband asserts that if Rosen applies, the trial court was obligated but failed to make specific findings as to how his actions increased the wife's attorney's fees.
In addition to the factors of need and ability to pay, Rosen holds that section 61.16(1), Florida Statutes,[2] authorizes consideration of secondary factors that are related to the length and scope of the litigation and the parties' behavior during litigation when awarding fees in dissolution actions. Specifically, Rosen explained that these secondary factors include:
the scope and history of the litigation; the duration of the litigation; the merits of the respective positions; whether the litigation is brought or maintained primarily to harass (or whether a defense is raised mainly to frustrate or stall); and the existence and course of prior or pending litigation. *1201 696 So.2d at 700. In Rosen, the award of attorney's fees was reversed for reconsideration in light of the reversal of other substantive aspects of the final judgment of dissolution. The supreme court's discussion of the secondary factors which may warrant an assessment of attorney's fees was offered in the context of a dispute which had been continuously litigated for nearly 18 years and produced six separate appeals.
Rosen has been interpreted as authorizing an award of attorney's fees against a spouse for "over litigation," Zanone v. Clause, 848 So.2d 1268 (Fla. 5th DCA 2003), persisting in litigation when there is "no reasonable prospect of success," Diaz v. Diaz, 727 So.2d 954 (Fla. 3d DCA 1998), quashed on other grounds, 826 So.2d 229 (Fla.2002), or where the party has engaged in "vexatious and frivolous litigation," Taylor v. Taylor, 734 So.2d 473 (Fla. 4th DCA 1999). See also, Dake v. Kirkley, 767 So.2d 1289 (Fla. 5th DCA 2000) (attorney's fees recoverable under Rosen for improper conduct which causes extensive litigation).
Conversely, in Wilkinson v. Wilkinson, 714 So.2d 524, 525 (Fla. 5th DCA 1998), this court reversed an attorney's fee award to the wife, explaining:
[T]he trial court concluded that the wife was entitled to receive an award of attorney's fees because the husband asserted "unreasonable positions" regarding the equitable distribution of the parties' marital assets. However, the record does not indicate that the husband intended to "frustrate or stall" the dissolution proceedings. See Rosen, 696 So.2d at 700. In that regard, the husband did not request any continuances nor did he violate any rules of discovery. Moreover, the parties' pretrial negotiations resulted in only a $10,000 difference with regard to equitable distribution. There is no evidence in the record which indicates that the husband's claims were designed to harass the wife. See id. Thus, it does not appear that the husband acted unreasonably during these dissolution proceedings.
714 So.2d at 525.
Likewise, in Taylor v. Taylor, 746 So.2d 577 (Fla. 1st DCA 1999), the First District found the attorney's fee award against the former wife to be unwarranted. The appellate court noted that the litigation had not been protracted and that the record did not support the trial court's finding that the wife had used the court system to frustrate the husband's visitation request.
A problem with meaningful appellate consideration of this point rests with the vagueness of the trial court's factual findings. The court reached a legal conclusion that the case had been "excessively and unnecessarily litigated by the Husband," but save for lack of cooperation with valid discovery requests and failure to comply with orders compelling discovery, the court provided no specifics. The court did not specify the nature and extent of the husband's lack of cooperation or that one-half of the wife's attorney's fees were in fact occasioned by the husband's misconduct. It seems difficult to conclude that the duration of the litigation was unreasonably extended. The time from the filing of the petition for dissolution (June 2000) to entry of the final judgment of dissolution (September, 2002) was just over two years. In a case involving equitable distribution of the enhancement value of corporate-related assets, such a time period would hardly seem excessive. In Gagnon v. Gagnon, 539 So.2d 1179 (Fla. 1st DCA 1989), the trial court was reversed for its failure to include specific findings regarding hourly rate, number of hours reasonably expended and failing to indicate what portion of the wife's attorney's fees were occasioned *1202 by the husband's misconduct. Remand for such findings is necessary in this case. The trial court should articulate the precise nature and extent of the conduct it believes warrants an assessment of attorney's fees under Rosen and its impact on the attorney's fees incurred by the wife. See Pietras v. Pietras, 842 So.2d 956 (Fla. 4th DCA 2003).
The wife encourages this court to examine the record for instances of over litigating on the part of the husband which could validate the assessment of fees. Even if this court could find some basis to support an assessment of fees, this request ignores the failure of the trial court to directly quantify the portion of the wife's attorney's fees incurred as a result of the husband's purported misconduct.
Accepting, arguendo, the wife's contention that the husband will be liable for approximately $25,473.66, at $185 per hour (which is what the record reflects the wife's counsel charges), the effect of the trial court's assessment is that the husband's misconduct caused the wife's attorney to incur approximately 137 additional hours in representation of the wife. The dearth of precise factual findings creates some doubt as to whether the trial court realized the extent of its assessment of fees against the husband. The wife additionally argues that she is in an inferior financial position, both from an earnings capacity and assets unrelated to the marriage aspect which would warrant the award of attorney's fees. We note, however, that the trial court did not rest its award on such a finding and implicitly recognized it would have been in error to award fees to the wife absent misconduct by the husband by citing Wilkerson v. Wilkerson, 623 So.2d 1192 (Fla. 5th DCA 1993) (where as a result of equitable distribution parties are equally able to pay their attorneys, trial court abuses its discretion in awarding attorney's fees).
Accordingly, the support awards and attorney's fees assessment are reversed and the cause remanded for further proceedings consistent with this opinion. In all other respects, the final judgment is affirmed.
AFFIRMED IN PART, REVERSED IN PART and REMANDED.
GRIFFIN and TORPY, JJ., concur.
NOTES
[1] Section 61.08(2)(g), Florida Statutes, provides that in determining alimony, "the court shall consider all relevant economic factors," including "all sources of income available to either party."
[2] This subsection provides that the court may "after considering the financial resources of both parties, order a party to pay a reasonable amount for attorney's fees...."