DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**BETH ROOT,**
Appellant,

v.

**LYLE FEINSTEIN,**
Appellee.

No. 4D19-0701

[August 26, 2020]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Fabienne Fahnestock, Judge; L.T. Case No. FMCE 13-007297 (35/93).

Nancy A. Hass of Nancy A. Hass, P.A., Fort Lauderdale, for appellant.

Amy M. Wessel of Shutts & Bowen LLP, Fort Lauderdale, and Kristina Candido of Shutts & Bowen LLP, West Palm Beach, for appellee.

PER CURIAM.

The former wife, Beth Root, appeals the denial of her motion for temporary attorney's fees and costs as a sanction for her misconduct in accessing the private emails of her former husband, Lyle Feinstein. Former husband concedes that the trial court erred in failing to make express findings setting forth the amount of reasonable fees and costs resulting from her misconduct that the trial court found not to be awardable for her modification proceeding.

Accordingly, the denial of the motion for temporary attorney's fees and costs as it stands is reversed and remanded for the trial court to apportion and make express findings as to the reasonable amount of fees and costs pursuant to *Rosen v. Rosen,* 696 So. 2d 697 (Fla. 1997), that should be awarded or denied for her modification proceeding.[1] *See Pietras v. Pietras,*

---

[1] The parties entered into a prevailing party provision in their marital settlement agreement governing enforcement matters. Therefore, the remand herein is limited to the denial of temporary attorney's fees and costs for the modification proceeding.

842 So. 2d 956, 963 (Fla. 4th DCA 2003) ("On remand the trial court may apportion a reasonable amount of [wife's] attorney's fees based on a finding that [husband's] 'litigious behavior' caused some additional work, for which [wife's] attorneys have not already been compensated"); *see also Elliott v. Elliott*, 867 So. 2d 1198, 1202 (Fla. 5th DCA 2004) (remanding for additional findings due to "the failure of the trial court to directly quantify the portion of the wife's attorney's fees incurred as a result of the husband's purported misconduct.").

*Reversed and Remanded.*

GROSS, ARTAU, JJ., and SCHOSBERG FEUER, SAMANTHA, Associate Judge, concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***