382 So.2d 1352 (1980)
Janet L. BASHAW, Appellant,
v.
Thomas A. BASHAW, Appellee.
No. 79-572.
District Court of Appeal of Florida, Fourth District.
April 30, 1980.
*1353 J. Michael Brennan of Brennan & Muschott, Fort Pierce, for appellant.
Roger N. Messer of Richard D. Sneed, Jr., P.A., Fort Pierce, for appellee.
LETTS, Chief Judge.
The reversible error in this appeal revolves around a marriage of 23 years duration, two children, a husband earning between $500 and $600 a week and a wife earning approximately $100 a week. Notwithstanding, only rehabilitative alimony of $312.50 a month for two years was awarded. We reverse.
The above facts bring this case squarely within our holding in McAllister v. McAllister, 345 So.2d 352 (Fla. 4th DCA 1977) and we are of the opinion that permanent alimony should have been awarded. Moreover, as we indicated in both McCloskey v. McCloskey, 359 So.2d 494 (Fla. 4th DCA 1978) and West v. West, 345 So.2d 756 (Fla. 4th DCA 1977) there is little reason to suppose that this wife will be substantially better able to support herself two years from now than at present. This being so, the award should be permanent rather than rehabilitative, subject to the ever present authority to modify it if her proposed secretarial training is completed and her income substantially increases, all in accordance with the precepts of Wilson v. Wilson, 279 So.2d 893 (Fla. 4th DCA 1973).
The other point on appeal with merit concerns the trial Judge's division of both personal property and real estate in Florida and Texas. Formerly, under the law laid down by the Supreme Court as we perceived it, much of this division of property between the spouses might have constituted reversible error. However, the Supreme Court, in a landmark decision, appears to have approved the trial Judge's course of conduct in this case. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla. Case No. 54124, Opinion filed March 27, 1980).
Accordingly, the Final Judgment is approved in all respects with the exception that the award of rehabilitative alimony is herewith reversed and set aside in favor of a permanent periodic award in the same sum.
REVERSED AND REMANDED FOR THE ENTRY OF A JUDGMENT IN ACCORDANCE HEREWITH.
DOWNEY and MOORE, JJ., concur.