395 So.2d 1255 (1981)
Patricia Morris GOLDEN, Appellant,
v.
Alton Ray GOLDEN, Appellee.
No. WW-142.
District Court of Appeal of Florida, First District.
March 27, 1981.
James M. Barton, II, of Levin, Warfield, Middlebrooks, Mabie & Magie, Pensacola, for appellant.
T. Sol Johnson, of Johnson, Green & Westmoreland, P.A., Milton, for appellee.
SHIVERS, Judge.
Appellant Patricia Morris Golden appeals a final judgment of marriage dissolution, contending, among other things, that the trial court erred in awarding her rehabilitative alimony rather than permanent periodic alimony.
We reverse as to the rehabilitative alimony, but affirm the other points on appeal.
Here, an award of rehabilitative alimony for 12 months, instead of permanent periodic alimony, is an abuse of discretion. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). The appellant was 16 years of age when the parties were married 23 years ago. She has only a tenth grade education and is in poor physical condition. At the husband's wish and by their agreement she has devoted her married life endeavors to him, their children and their home. Her intervals of employment during the marriage have been limited and family sheltered. The record does not establish the appellant wife's capacity or potential for self-support and the husband has the ability to pay permanent alimony.
We reverse the award of rehabilitative alimony with directions to convert the award of $400 per month rehabilitative alimony to an award of $400 per month permanent periodic alimony.
*1256 AFFIRMED in part, REVERSED in part and REMANDED.
McCORD, J., concurs.
JOANOS, J., concurs in part and dissents in part, with written opinion.
JOANOS, Judge, concurring in part and dissenting in part.
I dissent from the majority in their decision to reverse the award of rehabilitative alimony and convert it into an award of permanent periodic alimony. The final judgment should be affirmed in its entirety.
In Canakaris v. Canakaris, 382 So.2d 1197, 1202-1203 (Fla. 1980), the Florida Supreme Court through Justice Overton addressed itself to the test for reviewing a trial court's discretionary powers. In doing so, that court cited with favor the following standard from Delno v. Market Street Railway Company, 124 F.2d 965, 967 (9th Cir.1942):
Discretion, in this sense, is abused when the judicial action is arbitrary, fanciful, or unreasonable, which is another way of saying that discretion is abused only where no reasonable man would take the view adopted by the trial court. If reasonable men could differ as to the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion.
I submit that as to the record before us, "... reasonable men could differ as to the propriety of the action taken by the trial court... ."
As to the medical condition of the appellant and her ability to find employment, there were a variety of conclusions that could have been reached by the trier of the facts. My review of the medical evidence does not require a conclusion that the appellant was not medically able to work. There was evidence that during the marriage and despite any medical problems, the appellant had operated a book store and oversaw much of the operation of a grocery store. Further, there was evidence that the appellee had encouraged the appellant to work during the marriage but that for other than medical reasons she did not desire to work. In short, I believe that the evidence presented allowed the trial judge to reasonably conclude within his lawful discretion that the appellant had sufficient training, skills or ability to enable her to become self-supporting within a reasonable time if she so desired. The trial court's decision to award rehabilitative alimony instead of permanent alimony should not be disturbed.