418 So.2d 1198 (1982)
Nora N. NICHOLS, Appellant,
v.
William R. NICHOLS, Appellee.
No. 81-567.
District Court of Appeal of Florida, Fifth District.
September 1, 1982.
*1199 Jeannette M. Haag, of Haag & Haag, Inverness, for appellant.
Louis Ossinsky, Jr., of Ossinsky & Krol, Daytona Beach, for appellee.
SHARP, Judge.
The wife, Nora N. Nichols, brings a timely appeal from the trial court's final order awarding her rehabilitative alimony and denying her request for attorney's fees. We find that permanent alimony and attorney's fees should have been awarded to the wife in this cause.
The parties were married for twenty-nine years. Nora is a high school graduate. She worked in a factory prior to marriage, but she did not work outside the home after she married. William, the husband, works in consulting engineering in nuclear power. Over the years the parties moved several times to accomodate William's career. Each move meant a promotion and raise for him, and a comfortable lifestyle for the family. The parties had four children, several of whom had mild to serious medical problems over the years which required much of Nora's time and attention. The sixteen year old son still living at home with Nora is a juvenile diabetic.
The parties separated in late 1978, and the original Petition for Dissolution in this matter was filed in February 1979. The order granting dissolution was entered October 27, 1980, and the order on appeal was entered April 2, 1981. The interim periods were filled with protracted legal proceedings, including the wife's several and usually unsuccessful attempts to get the court to enter a temporary support order.
After the separation and during the early course of the proceedings, William voluntarily gave Nora six hundred dollars ($600) per month, and he paid various bills, such as the mortgage, phone, utilities, automobile expenses, and medical expenses for the son. Because William acted voluntarily, the judge refused to enter a temporary support order prior to the order granting dissolution. There is substantial testimony that the marital home was sold and the proceeds invested in another home for Nora with William's consent.
William was in his early fifties at the time of the dissolution. There was no testimony regarding his health. At the time of the final order on support, etc., he was remarried. He owned a few thousand dollars worth of his employer's company stock which he received as part of his compensation. William's salary progressed from thirty thousand one hundred thirty-two dollars ($30,132) in 1977, to thirty-six thousand three hundred dollars ($36,300) in 1980.
Nora suffers various emotional and physical disabilities such as borderline diabeties, depression, anxiety, high blood pressure, arthritis, and a hiatal hernia which interferes with breathing and swallowing. She has been hospitalized several times since 1978 for nervous, emotional and physical traumas. Nora was fifty years old at the time of the dissolution. She made applications for employment at various businesses since the dissolution proceedings began, with little luck. At the time of the final hearing she was working eight hours a week as a motel maid earning the minimum wage. Nora has no marketable skills or savings.
*1200 In the order dissolving the marriage, the court entered a temporary support order for alimony and child support in the amount of seven hundred twenty-five dollars ($725) per month, plus payment of a few specific bills. In its final order the court awarded the wife custody of the son and two hundred fifty dollars ($250) per month child support, William's interest in the marital home as lump sum alimony, William's interest in the wife's car as lump sum alimony, and four hundred dollars ($400) per month rehabilitative alimony for three years. The court granted the husband Nora's interest in his car and required him to pay the remaining installments due on her car. The court reserved jurisdiction over child custody and support and attorney's fees. The court ultimately granted half of the wife's allowable costs, but it denied the wife's application for attorney's fees.
In awarding Nora rehabilitative alimony, the order indicated the court was taking
into consideration that the husband has already been paying rehabilitative alimony since November of 1978 and the Court is considering the total rehabilitative alimony to the wife in this matter as being in excess of five (5) years and three (3) months.
The court's classification of the prior support payments as rehabilitative alimony is unsupported by case law. Temporary support payments are not usually classified as rehabilitative or permanent.[1] But, more importantly, the trial court's award of rehabilitative rather than permanent alimony was erroneous.
The facts in this case are similar to those in this court's recent decision in Holland v. Holland, 406 So.2d 496 (Fla. 5th DCA 1981). In Holland the wife was forty-three and had a tenth grade education. She had been a telegram clerk prior to her marriage of sixteen years. At the time of the dissolution she had no marketable skills and she had some minor health problems. The wife also cared for the parties' eleven year old daughter. Since there was no showing of any potential of actual capacity for self-support on the part of the wife, this court concluded it was error for the lower court to award rehabilitative rather than permanent alimony. Other districts have held permanent alimony was appropriate on similar facts. See McAllister v. McAllister, 345 So.2d 352 (Fla. 4th DCA 1977) and Sullivan v. Sullivan, 363 So.2d 393 (Fla. 2d DCA 1978).[2] It strains reason to argue that a woman with Nora's marital history, who has recently become employed at the minimum wage as a part-time motel maid, has embarked on a new and promising career and will thereby become fully capable of self-support. See McAllister v. McAllister, 345 So.2d at 355.
A person is not self-supporting simply because he or she has a job and income. The standard of living must be compared with the standard established during the course of the marriage. A divorced wife is entitled to live in a manner reasonably commensurate with the standard established by the husband during the course of a long term marriage. [Citation deleted]. A court must base an award of alimony to a wife upon the ability of her husband to pay that award and her financial needs in light of the standard of living she enjoyed during the marriage.
O'Neal v. O'Neal, 410 So.2d 1369, 1371 (Fla. 5th DCA 1982).
William Nichols' ability to pay permanent alimony has been established through evidence of his salary and his past regular support payments. Only permanent alimony can sustain Nora in the manner reasonably commensurate with the standard William set during their long term marriage. Under Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980), the trial court's award of *1201 rehabilitative rather than permanent alimony in this case was unreasonable and an abuse of discretion. Therefore, we modify the final judgment by changing the rehabilitative award to permanent alimony.
The wife claims the amount of the award of alimony was insufficient. The October 1980 temporary order required William to pay seven hundred twenty-five dollars ($725) per month, plus a few bills. Nora testified at the later hearing on support that she needed two hundred fifty dollars ($250) per month to care for the child. In its final order the court ordered William to pay two hundred fifty dollars ($250) per month as child support and four hundred dollars ($400) per month as alimony. The evidence shows Nora is not actually burdened with the mortgage payment on her house. William was ordered to make the remaining payments due on her car, and the evidence shows he intended to keep the child on his health insurance policy. Appellant argues it was error to reduce the total cash support by seventy-five dollars ($75), from seven hundred twenty-five dollars ($725) per month to six hundred fifty dollars ($650) per month. The reduction in the total amount of support paid is not large (10%), and, in view of all of the circumstances, reasonable persons could differ as to the correctness of the trial court's decision. Therefore, the amount of alimony awarded is affirmed. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980).
Finally, Nora argues that the lower court's denial of her request for attorney's fees was erroneous. The Supreme Court said in Canakaris that the purpose of section 61.16, Florida Statutes (1981), permitting an award of attorney's fees, is to ensure that "both parties will have similar ability to secure competent legal counsel." Canakaris v. Canakaris, 382 So.2d at 1205. There the court found the husband had the superior ability to pay the wife's attorney's fees. Similarly, in this case the husband, who has a good, well paying job, has the superior ability to pay Nora's attorney's fees. The wife has no liquid assets and a very modest income beyond the alimony and child support awarded her. Clearly she has no resources with which to pay her attorney a reasonable fee. Indeed, it substantially undercuts the public policy espoused in Canakaris to deny a needy spouse attorney's fees in circumstances such as these. An award of temporary attorney's fees during the course of the proceedings, as requested by the wife, would have been appropriate. We reverse the denial of attorney's fees and remand to permit the trial court to enter an appropriate award.
AFFIRMED IN PART, MODIFIED IN PART, AND REMANDED.
ORFINGER, C.J., and FRANK D. UPCHURCH, Jr., J., concur.
NOTES
[1] See generally, Kirchman v. Kirchman, 389 So.2d 327 (Fla. 5th DCA 1980) (Court defines types of alimony as amounts paid by financially able former spouses to needy former spouses).
[2] See also Golden v. Golden, 395 So.2d 1255 (Fla. 1st DCA 1981); Stiff v. Stiff, 395 So.2d 573 (Fla. 2d DCA 1981); Bashaw v. Bashaw, 382 So.2d 1352 (Fla. 4th DCA 1980); Gratton v. Gratton, 358 So.2d 262 (Fla. 3d DCA 1978).