DELL, Chief Judge.
We sua sponte consolidate Case No. 91-3006 and 92-1169. In these appeals, Frederic Ashton De Peyster, III seeks review of separate, post judgment orders entered in connection with the dissolution of his marriage to appellee. In Case No. 92-1169 appellant contends the trial court erred when it directed the parties to sell their California ranch property rather than enforce their post judgment agreement partitioning the property. In Case No. 91-3006 appellant contends the trial court erred in failing to award him appellee’s share of the expenses he incurred in dividing the property. We agree and reverse.
In June of 1987, the trial court entered a final judgment of dissolution of marriage. In the final judgment the trial court provided for an equitable distribution of a 510 acre tract of land located in Big Sur, California, known as “Lime Creek Ranch.” Paragraph 4 of the final judgment read:
The parties are awarded an equal equitable distribution of the Lime Creek Ranch, more particularly described as ... so that on the entry of this judgment, each party shall have an equal undivided interest in that property as tenants in common. The parties are directed within thirty days from the date of the entry of this judgment to agree to a physical division of the property. If the parties are unable to agree to a physical division of the property within thirty days, then on application of either party after notice, the court will make the division, assuming that zoning and environmental constraints allow such division to be made. If no physical division is permit *222 ted, the parties will be directed to sell the property under circumstances that are fair and divide the net sales proceeds equally.
Approximately six months later, after the parties were unable to agree on how the property should be divided, appellant filed a motion asking the trial court to partition the ranch. On July 11, 1988, at a hearing on this motion, the parties agreed in open court to a physical division of the ranch.
On May 17, 1989, the wife filed a Motion for Relief from the parties’ in court settlement. In her motion she requested either the court order the ranch to be sold or that she be allowed to seek governmental approval to divide the property. At the May 22, 1989 hearing on the wife’s motion, the parties resolved their differences and agreed to an order concerning their prior in court settlement. The trial court’s resulting order provided in pertinent paid;:
1. In satisfaction of the fourth decretal paragraph of the final judgment which makes the parties tenants in common, each owning an equal, undivided one-half interest in Lime Creek Ranch, the former wife shall have absolute ownership of the part of Lime Creek Ranch which is the east side of Exhibit A and the former husband shall have absolute ownership of that part of Lime Creek Ranch which is the west side of Exhibit A....
2. A condition to the settlement is (and the settlement is subject to being withdrawn and ownership of Lime Creek Ranch would revert to a tenancy in common, each party owning an equal, undivided one-half interest if each parcel mentioned in the foregoing paragraph is not susceptible to improvement with a single family dwelling and outbuildings) that each parcel shall be susceptible of improvement with a single family dwelling and outbuildings.
3. The Lime Creek Ranch is to be divided into Parcels A and B by application to all governmental agencies having jurisdiction for a subdivision, if possible, and if that cannot be accomplished, for a lot line adjustment....
4. The parties will each have an equal, undivided interest in the existing water line and equipment and each will be entitled to one-half of the water which is supplied to the property. If the parties cannot agree on how to accomplish a division of one-half of the water, they will jointly pay for a monitoring device. The former husband shall have an easement across the east side of the property to construct and access water lines and equipment from the water source. The former husband shall have an easement for ingress and egress over the existing road. The former wife shall have an easement over the former husband’s parcel for utilities, either along the main road or by a direct line, at the former husband’s election....
5. The dividing line of the property between east and west shall be the yellow line depicted on Exhibit A, which is the existing road, with the exception of a westerly protrusion up by a portion of Exhibit A marked Pig Trap Road....
[[Image here]]
8. The former’ husband shall advance the expenses of the division, attorney’s fees, surveyor’s fees, filing fees, travel, and all reasonable and necessary expenses associated with the division, but each party shall pay the expenses equally. The former wife shall pay the former husband with interest at 1% per month, simple interest.
Counsel for both parties signed the order and confirmed it represented the parties’ previous settlement agreement.[1]
In January of 1990 both parties filed motions for contempt. Appellee claimed appellant failed to file a petition to accomplish a physical division of the property. Appellant claimed appellee failed to pay her share of the expenses relating to the division of the property. On April 30, 1990, the trial court referred the matter to binding arbitration before a special master who determined the parties’ rights and obligations were con *223 trolled by the final judgment and the parties’ settlement agreement. He concluded: (1) each party was entitled to one-half of the property’s water supply; (2) each party had an equal, undivided interest in the water line and equipment servicing the property; and (3) appellant had an easement across appel-lee’s parcel to construct and access the water lines and equipment from the existing water source. The special master also recommended the parties submit those documents necessary to subdivide the ranch to the appropriate governmental authorities within sixty days. On February 13, 1991, the trial court entered its order approving the special master’s report and ordering the parties to comply with the special master’s recommendations. Appellee, however, continued to dispute the division of the property and appellant’s right to use the water on her property.
On October 2, 1991, appellee moved for a court-ordered sale of the property claiming both parties were unable to agree on its division. She claimed the trial court reserved continuous jurisdiction over the property under the final judgment. The court did not hold an evidentiary hearing on the wife’s motion but instead ordered the parties to submit proffers of evidence. Appellant, without waiving his objection to the court’s failure to conduct an evidentiary hearing, submitted a proffer in which he claimed that since the parties entered into their settlement agreement, he had expended $150,000 on his parcel, Monterey County had approved the lot line adjustment and he had agreed in writing to several additional demands made by appellee concerning the division of the property. On March 18,1992, the trial court ordered the ranch to be sold at a private sale, or by public auction if the parties were unable to effect the sale.
Appellee argues the trial court had jurisdiction to order the sale of the property pursuant to both the final judgment, which provides, “The court retains jurisdiction of the cause and the parties for the purpose of entering all orders as are just and necessary in the premises,” and the May 22, 1989 post judgment order, which provides, “Jurisdiction is reserved to hear Former Wife’s Motion for Relief and Modify (sic) and to enforce this Order.”
Appellant argues that after the parties entered into their settlement agreement, the court lost jurisdiction to modify the provision of the final judgment that awarded each party a one-half undivided interest in the property. We agree. The Order on the Parties’ In Court Settlement provided it was “in satisfaction of the fourth decretal paragraph of the final judgment which makes the parties tenants in common_” The settlement specifically divided their property into two distinct tracts.
The settlement agreement contained conditions which, as the record in this ease shows, required the trial court’s ultimate supervision. These conditions, however, related to implementing the division of the property and did not authorize a subsequent order invalidating the parties’ settlement agreement and altering their property rights. The trial court’s continuing jurisdiction pertained to supervising the fulfillment of these conditions. Appellant correctly points out appel-lee’s motion for relief from the final judgment, in which she requested the trial court order the sale of the property, preceded the trial court’s order which settled the parties’ disagreement concerning how to physically divide the property.
In Brandt v. Brandt, 525 So.2d 1017 (Fla. 4th DCA 1988), this court, sitting en banc, said, “It is important to note that even a specific reservation of jurisdiction only empowers the court to deal with property rights and interests not previously adjudicated.” See also Covin v. Covin, 403 So.2d 490 (Fla. 3d DCA 1981) (holding a trial court lacked authority to order the sale of the marital residence where the final judgment awarded the wife the exclusive use of the home until such time as the youngest child reached eighteen, she remarried or occupied the house with an adult male) and Sistrunk v. Sistrunk, 235 So.2d 53 (Fla. 4th DCA 1970) (“There is no statutory authority for the court to retain jurisdiction after final judgment whereby it may subsequently enter post judgment orders determining the property rights of the parties.”)
*224 The record reveals appellant met the conditions of the settlement agreement by (1) obtaining Monterey County’s approval of the lot line dividing the property and (2) constructing a parallel water line from appellee’s parcel to his. Appellant also had a residence constructed on his parcel. In total, appellant expended approximately $150,000 in reliance upon the final judgment and the parties’ settlement agreement implementing that judgment. Finally, we observe appellee obtained a building permit for a dwelling on her parcel.
We, therefore, hold the trial court lacked jurisdiction to alter the property rights of the parties by ordering a post judgment sale of the property after the parties had entered into a valid post judgment settlement agreement partitioning the property in accordance with the final judgment.
In Case No. 91-3006, appellant contends the trial court erred in failing to award him one-half of the costs incurred in dividing the property. We agree. Paragraph 8 of the settlement agreement provides, “The former husband shall advance the expenses of the division, attorney’s fees, surveyor’s fees, filing fees, travel and all reasonable and necessary expenses associated with the division, but each party shall pay the expenses equally.” The evidence before the trial court showed appellant incurred expenses in the amount of $33,145.61.
Accordingly, we reverse the trial court’s order directing the sale of the subject property. We remand this cause to the trial court with directions to enter such further orders as may be necessary to complete the division of the property as provided in the final judgment and the parties’ settlement agreement and award appellant the sum of $16,572.80 plus interest as provided in the settlement agreement.
REVERSED and REMANDED.
HERSEY and FARMER, JJ., concur.

. Appellee did not challenge her attorney's authority to sign the agreement in the trial court nor does she make such a claim on appeal.