739 So.2d 137 (1999)
Pamela KARPOVICH, Appellant,
v.
George KARPOVICH, Appellee.
No. 98-2506.
District Court of Appeal of Florida, Fifth District.
July 16, 1999.
Rehearing Denied August 18, 1999.
Robert W. Anthony of Fassett, Anthony & Taylor, P.A., Orlando, for Appellant.
Henry L. Perla of Perla & Associates, P.A., Orlando, for Appellee.
W. SHARP, J.
The former wife, Pamela Karpovich, appeals from a final judgment which dissolved her marriage to George Karpovich. Pamela argues on appeal that the trial court abused its discretion by failing to award her permanent alimony as opposed to approximately two years of rehabilitative alimony; that the award of lump sum alimony to her (George's interest in a lot worth $25,000 to $30,000) was insufficient; that the court inequitably assigned marital debt to the parties; and that the trial court erred in failing to award her some portion of her attorney's fees and costs. Based on the statement of the evidence submitted by the parties and the findings of the trial court, we find no abuse of discretion with regard to the first three points. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980).
However, we think the trial court erred in not awarding Pamela some portion or all of her attorney's fees. The former husband has almost triple the former wife's income. His gross income per month was $4,333, and hers was $1,400. Neither has any assets other than their automobiles and personal property. The former wife was left with debts of $19,070 and the former husband had $14,500. The former wife was awarded an unimproved lot as lump sum alimony, "in full recognition of the duration of the marriage (19 years) and the unequal income earning abilities of the parties." However, the former wife was required to pledge the lot she was awarded as lump sum alimony, for appellate attorney fees.
*138 In view of the unequal financial earning abilities of the parties, the former husband should have been required to pay some or all of Pamela's attorney's fees. See Thrift v. Thrift, 632 So.2d 202 (Fla. 1st DCA 1994) (given the significant disparity in the financial resources of the parties, it was an abuse of discretion to refuse to require the husband to pay at least some portion of the wife's attorney's fees); Akers v. Akers, 518 So.2d 292 (Fla. 5th DCA 1987) (trial court abused its discretion in awarding only a small portion of attorney's fees to wife where former husband had superior ability to pay attorney's fees while wife had no liquid assets and very modest income); Nichols v. Nichols, 418 So.2d 1198 (Fla. 5th DCA 1982) (wife was entitled to an award of attorney's fees where she had no liquid assets and very modest income beyond alimony and child support and husband had superior ability to pay attorney's fees). The former wife should not be required to liquidate marital assets to pay attorney's fees. Hamlin v. Hamlin, 722 So.2d 851 (Fla. 1st DCA 1998).
AFFIRMED in part; REVERSED in part; REMANDED to set attorney fees award.
PETERSON, J., concurs.
DAUKSCH, J., concurs in part and dissents in part, with opinion.
DAUKSCH, J., concurring and dissenting.
I concur in all except the award of fees. I do not believe the denial of an award of attorney's fees rises to the level required to reverse the decision, given our standard of review and the discretion residing in the trial court. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980).