SHARP, W., J.
Maria Rivers appeals from a final judgment dissolving her three and one-half year marriage to Joseph Rivers. We affirm the denial of rehabilitative alimony, given the evidence that this short-term marriage did not affect Maria’s employa-bility and her failure to provide a plan for rehabilitation. See Sutton v. Hart, 746 So.2d 1175 (Fla. 3d DCA 1999); Calderon v. Calderon, 730 So.2d 400 (Fla. 5th DCA 1999); Beasley v. Beasley, 717 So.2d 208 (Fla. 5th DCA 1998). We also affirm the determination that Maria was not entitled to any interest in the parties’ homes or Joseph’s business. The evidence supports the trial court’s determination that these assets were either non-marital, or that Joseph had a special equity in them, and that Maria failed to prove any enhancement value. See § 61.075(5)(b)(l), Fla. Stat.; Hill v. Hill, 675 So.2d 168 (Fla. 5th DCA 1996). See also Young v. Young, 600 So.2d 1140 (Fla. 5th DCA), rev. denied, 613 So.2d 13 (Fla.1992).
However, we remand for a determination on Maria’s request for attorney’s fees. Maria asked for fees in her dissolution petition and at trial, but the final judgment contains no ruling in this regard. Given the disparity in the parties’ income and assets,[1] Maria may well be entitled to attorney’s fees. See Karpovich v. Karpovich, 739 So.2d 137 (Fla. 5th DCA 1999); Johnson v. Johnson, 560 So.2d 1372 (Fla. 5th DCA 1990); Nichols v. Nichols, 418 So.2d 1198 (Fla. 5th DCA 1982).
AFFIRMED; REMANDED for Ruling on Attorney’s Fees.
PLEUS and PALMER, JJ., concur.

. Maria points out that Joseph received a house which is paid in full, a condominium which provides rental income and the printing business as well as other awards. In contrast, she received minimal assets and has minimal income.