942 So.2d 3 (2006)
Jeffrey G. JOACHIM, Appellant/Cross-Appellee,
v.
Sharon Ann JOACHIM, Appellee/Cross-Appellant.
No. 5D05-1780.
District Court of Appeal of Florida, Fifth District.
September 22, 2006.
Rehearing Denied November 13, 2006.
Jeffrey G. Joachim, Beverly Hills, pro se.
Rhonda Portwood, Inverness, for Appellee/Cross-Appellant.
THOMPSON, J.
The Former Husband, Jeffrey Joachim, raises eight issues in his pro se appeal of the trial court's final judgment of dissolution, and the Former Wife cross-appeals the award of primary residential custody of one of the minor children to the Former Husband and the denial of permanent periodic alimony. We conclude that only two issues raised by the Former Husband merit discussion. We agree that the court erred in equitably distributing his contractor's license. But the trial court did not err in the assessment of attorney's fees. We otherwise affirm the appeal and the Former Wife's cross-appeal.
The parties were married in September 1982 and separated in December 2000. The parties had three children during the marriage, two of whom remained minors at the time of dissolution. The court found *4 that the value of the marital home and two boats had decreased during the parties' separation and, as a consequence, those assets were lost during the course of the proceedings. The court equitably distributed the remaining assets and liabilities, including the Former Husband's contractor's license valued at $5000.
The Former Husband argues that the court erred by characterizing his contractor's license as a marital asset subject to equitable distribution and valuing it at $5000. Further, he contends that the determination is based upon the Former Wife's speculative opinion as to value. During the hearing, the Former Wife testified, without supporting documentation, the couple easily expended $5000 to obtain the Former Husband's contractor's license, including course tuition and books.
The trial court attempted to distribute the educational cost of obtaining the contractor's license. Based solely upon the Former Wife's testimony that she thought they spent at least $5000 to acquire the license, the court, valued the license as a $5000 asset. The majority view is that, although an educational degree could be considered by the trial court in distributing marital assets and in determining the propriety and amount of alimony, an educational degree is not property subject to distribution. Hughes v. Hughes, 438 So.2d 146, 149 (Fla. 3d DCA 1983). In Severs v. Severs, 426 So.2d 992, 994 (Fla. 5th DCA 1983), we similarly held that a wife's claim to a vested interest in the husband's education and professional productivity, past and future, is unsupported by any statutory or case law. The value of degrees, as measured by future earning capacity, is too speculative to calculate. Hughes, 438 So.2d at 149. The Third District in Hughes discussed, but ultimately rejected, the concept expressed in out-of-state decisions that measured a spouse's interest in the other party's educational degree as the amount spent for direct support and school expenses during the period of education. We reverse the trial court's equitable distribution of the Former Husband's contractor's license.
The court considered the Former Wife's motion for attorney's fees and concluded that the Former Husband's numerous motions and opposition to one of the Former Wife's motions were frivolous or designed to prevent the case from proceeding expeditiously. The court also found that the Former Husband's pro se representation resulted in additional attorney's fees incurred by the Former Wife, and, had he acted in good faith, those fees would have been less. It also concluded that the Former Husband had a greater ability to pay attorney's fees. Accordingly, the court ordered the Former Husband to pay 80 percent of the Former Wife's fees. The Former Wife incurred a bill of $2750 for attorney Day's services and $3600 for attorney Portwood's. The court found that the number of hours was reasonable based on the evidence presented at trial and a review of the court file. The court also found the Former Wife incurred reasonable court costs of $649. Thus, it ordered the Former Husband to pay the Former Wife $5080 in attorney's fees and $519.20 in costs.
The Former Husband objects to the fee award because both parties' incomes were substantially equal and they had the same ability to pay. He also contends that one of the Former Wife's attorneys testified neither as to the reasonableness of the fees nor the hourly rate and that the record does not support the court's findings.
The standard of review in determining an award of attorney's fees is an abuse of discretion. Canakaris v. Canakaris, 382 So.2d 1197, 1202 (Fla.1980). However, the litigant who seeks to reverse *5 a trial court's ruling must provide the appellate court with the trial transcript or a proper substitute to show where the trial court erred. Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla.1979). Here, the Former Husband has not provided any record of an attorney's fees hearing to support his argument on appeal. It appears the Former Husband designated the record to include the entire trial testimony, but did not include a record of a separate attorney's fees hearing.
At the conclusion of dissolution proceedings, the trial court has wide discretion to award attorney's fees. Schmitz v. Schmitz, 891 So.2d 1140, 1141-42 (Fla. 4th DCA 2005). Section 61.16, Florida Statutes, should be liberally, not restrictively construed to allow consideration of any factor to ensure equity between the parties. Rosen v. Rosen, 696 So.2d 697, 700 (Fla.1997). Because the Former Husband failed to provide this court with a transcript of the attorney's fees hearing in this case, this court cannot determine from the face of the record that the trial court abused its discretion in the fee award. Simpson v. Simpson, 780 So.2d 985, 989 (Fla. 5th DCA 2001). More important, the record on appeal does not show that the arguments were raised below. Consequently, the Former Husband failed to preserve his arguments that attorney Day failed to testify concerning his fee and that his misconduct did not result in additional attorney's fees to the Former Wife. See Irwin v. Irwin, 402 So.2d 1353, 1354 (Fla. 4th DCA 1981).
The trial court concluded that the Former Husband was in a "substantially better financial position to pay the attorneys' fees than the Wife" and that her attorneys' hours and hourly rates and hours were reasonable. The findings comply with the requirements of Standard Guaranty Insurance Co. v. Quanstrom, 555 So.2d 828 (Fla.1990). These findings in the absence of a record to the contrary compel us to affirm the trial court's ruling on attorney's fees.
Accordingly, we reverse the equitable distribution of the Former Husband's contractor's license and otherwise affirm the appeal and cross-appeal.
REVERSED in part, AFFIRMED in part.
GRIFFIN and MONACO, JJ., concur.