COHEN, J.
 

 Kevin Anthony Dybalski, former husband, challenges a supplemental final judgment. We agree that reversal is required.
 

 Immediately before a scheduled trial, the trial court approved a consent final judgment that disposed of most of the issues. Under the consent final judgment, the parties agreed on the resolution of primary physical residency, visitation, child support, and almost all issues concerning the distribution of assets and debts, also, purportedly, including the marital residence. According to the parties, this left only three issues to be tried: former husband’s entitlement to a special equity in the marital home, former wife’s liability for debts incurred by former husband’s business, and former wife’s entitlement to the sales proceeds of two properties sold by former husband’s business. The parties do not appeal the trial court’s ruling on these issues.
 

 While attempting to resolve the three issues, it became apparent that, notwithstanding the language in the consent final judgment, the parties had not, in fact, agreed upon the disposition of the marital home. During the parties’ testimony, the trial court received evidence that former husband borrowed approximately $165,000 from a line of credit secured by the marital home. Those funds were then loaned to a friend, although former husband misrepresented the nature of the loan. Former husband testified that he was using the income from the loan to pay his child support obligations. This came as somewhat of a surprise to former wife because former husband, blaming his mid-stream change of counsel, had not complied with discovery demands.
 

 The trial court refused to reward the former husband’s non-compliance. In the supplemental final judgment, the trial court awarded former wife a half interest
 
 *827
 
 in the loan, as well as the equity in the marital home after the proceeds from its sale were used to satisfy the loan. The trial court also permitted either party to make the monthly payments on the line of credit and be awarded a credit upon the sale of the marital home, and further granted former wife the right to refinance the home and pay off the line of credit, thereby becoming the owner. Although agreeing that former husband’s failure to comply with discovery should not be rewarded, we are compelled to reverse because the relief in the supplemental final judgment resulted in a significantly unequal disposition of assets and debts without explanation, and we are unwilling to speculate as to the trial court’s motives.
 

 The only aspect of the supplemental final judgment former husband challenges is the award of the equity in the marital home to former wife. According to former husband, the consent final judgment entitled him to have the line of credit paid off plus half of the remaining proceeds. Former husband argues that the trial court lacked jurisdiction to alter the terms of the consent final judgment, citing
 
 Hobus v. Crandall,
 
 972 So.2d 867 (Fla. 2d DCA 2007), and
 
 De Peyster v. De Peyster,
 
 629 So.2d 221 (Fla. 4th DCA 1993). Neither aspect of this argument is persuasive.
 

 First, the consent final judgment did not entitle former husband to have the line of credit paid off plus half of the remaining proceeds. Second, by seeking a special equity in the proceeds of the sale of the marital home, former husband sought to vary the terms of the consent final judgment and therefore, the disposition of the marital home was contested and tried by consent. This conclusion is further bolstered by the fact that the line of credit and “loan” to former husband’s friend was not disclosed, nor addressed in the consent final judgment. It is disingenuous for former husband to seek a special equity, be aware that the previously undisclosed line of credit would need to be satisfied from the proceeds of the sale of the marital home, and still argue that the language in the consent final judgment prohibited the trial court from exercising its role of doing equity between the parties. As the trial court correctly noted, former husband “wanted to have his cake and eat it too.”
 

 In fairness to former husband, we recognize that he used the line of credit on the marital home to operate his business during the marriage. Former husband would buy property and when his business line of credit was insufficient to fully purchase or develop the property, he would borrow on the marital home. Upon selling the property, he would use the proceeds to pay down the balance of the line of credit. The downturn in the real estate market no doubt negatively impacted former husband’s business and we do not ascribe evil motives to his drawing on the line of credit. However, it was not timely disclosed.
 

 Although we reject former husband’s arguments for reversal, the supplemental final judgment inequitably distributed the proceeds from the marital home. As aforementioned, former wife was awarded all the equity in the home, the amount remaining after the line of credit was satisfied, plus one half of the “loan” to former husband’s friend. According to the supplemental final judgment, the outstanding balance on the line of credit was $160,000.
 
 [1]
 
 The undisputed testimony at trial was that the marital home’s appraised value was $330,088, and the amount of the loan to former husband’s friend was $165,000.
 

 
 *828
 
 Under the supplemental final judgment, former wife would receive approximately $170,000, not including costs of the transaction, from the sale of the marital home plus $82,500, representing her half-interest in the loan. In total, former wife would receive $252,500. In contrast, former husband would receive $82,500 for his interest in the loan plus $0 from the sale of the marital home because his share would be used to satisfy the line of credit. However, the trial court did not justify this unequal distribution with any findings. As this court has recognized, “[a]n equal division of marital assets is presumptively proper under section 61.075 and thus an unequal distribution must be justified by findings made by the court.”
 
 Porzio v. Porzio,
 
 760 So.2d 1075, 1077-78 (Fla. 5th DCA 2000);
 
 Guobaitis v. Sherrer,
 
 18 So.3d 28, 31 (Fla. 3d DCA 2009).
 

 The trial judge did an admirable job of trying to balance the equities with little help from the attorneys. We remand for reconsideration of the equitable distribution scheme concerning the marital home and the loan.
 

 REVERSED and REMANDED.
 

 EVANDER and JACOBUS, JJ, concur.
 

 [1]
 

 . This amount, perhaps, is a scrivener's error in light of the testimony at trial indicating that the outstanding balance was $167,175.70.