PER CURIAM.
Appellant, Kara Joanne Hill, challenges the trial court’s dismissal of her petition for partition. For the reasons expressed below, we remand to allow the trial court to treat Appellant’s petition as a motion for relief from judgment pursuant to Florida Rule of Civil Procedure 1.540(b).
The parties agreed to, and the trial court entered, a consent supplemental final judgment dissolving the marriage and equitably distributing the property of Appellant and Appellee, David Alan Hill. Relevant to this appeal, the consent supplemental final judgment provided that Appellee would have exclusive use and possession of the parties’ rental home. It required Appellee to submit three bona fide applications to refinance the property and, if approved, to pay Appellant $90,000 for her interest. However, if Appellee did not obtain financing, the property was to be sold and the parties would split the proceeds equally.
After submitting one application and being pre-approved, Appellee did not submit any other financing applications or otherwise obtain financing. Appellant filed a motion for contempt, requesting the trial court order Appellee to submit applications for financing or, alternatively, grant her power of attorney to sell the property. Instead, the trial court granted Appellant a $90,000 judgment. Appellant then filed a petition to partition the property, but the trial court dismissed it with prejudice because she did not request partition before being granted the $90,000 judgment. In essence, the trial court reasoned that Appellant was precluded from seeking partition by virtue of receiving the $90,000 judgment.
The trial court erred in awarding Appellant a $90,000 judgment because that was not the relief sought in the former wife’s motion for contempt. Granting Appellant a money judgment also conflicted with the terms of the consent supplement final judgment: that the property be sold if Appellee did not obtain financing. Appel-lee undisputedly did not obtain financing and, therefore, the parties and the trial court were bound by the consent supplemental final judgment’s terms. See Bridges v. Bridges, 848 So.2d 408, 404 (Fla. 2d DCA 2008) (holding a court usually has no jurisdiction to modify property rights after those rights have been adjudicated in a final judgment of dissolution); DePeyster v. DePeyster, 629 So.2d 221, 224 (Fla. 4th DCA 1993) (holding the trial court lacked jurisdiction to order a post-judgment sale when the parties’ settlement agreement provided for partition).
Instead of filing a petition for partition, Appellant should have either sought relief from the judgment pursuant to 1.540(b) or, alternatively, appealed the entry of the money judgment. However, under the facts and circumstances of this case, we believe the appropriate course of action is to treat the petition for partition as a motion for relief from judgment and remand the matter to the trial court for enforcement of the terms of the consent judgment.
REVERSED and REMANDED.
*145 ORFINGER, C.J., and COHEN, J., concur.
PALMER, J., dissents with opinion.