ORFINGER, C.J.
The former wife, Jeannette Caryi, n/k/a Jeannette Colado, appeals an award of attorney’s fees to her former husband, Steven M. Caryi, arising from post-dissolution proceedings. The trial court assessed attorney’s fees of $16,965, and costs of $1,295, against the former wife, finding that the former wife’s actions during the post-dissolution litigation were “vexatious, unnecessary and infectious (sic).” We reverse.
An award of attorney’s fees in a dissolution proceeding is reviewed for the abuse of discretion. Joachim v. Joachim, 942 So.2d 3, 4 (Fla. 5th DCA 2006). However, the fee award must be supported by competent, substantial evidence. Faircloth v. Bliss, 917 So.2d 1005, 1006 (Fla. 4th DCA 2006).
While the issue regarding the parties’ financial resources is the primary factor to be considered when awarding fees under section 61.16, Florida Statutes *962 (2010), a trial court may consider other relevant factors such as
the scope and history of the litigation; the duration of the litigation; the merits of the respective positions; whether the litigation is brought or maintained primarily to harass (or whether a defense is raised mainly to frustrate or stall); and the existence and course of prior or pending litigation....
[[Image here]]
... [A] court may consider all the circumstances surrounding the suit in awarding fees under section 61.16. Moreover, in situations where a court finds that an action is frivolous or spurious or was brought primarily to harass the adverse party, ... the trial court has the discretion to deny a request for attorney’s fees to the party bringing the suit.
Rosen v. Rosen, 696 So.2d 697, 700-01 (Fla.1997). Rosen has been interpreted as authorizing an award of attorney’s fees against a spouse for “over-litigation,” Zanone v. Clause, 848 So.2d 1268 (Fla. 5th DCA 2003), persisting in litigation when there is “no reasonable prospect of success,” Diaz v. Diaz, 727 So.2d 954 (Fla. 3d DCA 1998), quashed on other grounds, 826 So.2d 229 (Fla.2002), or where the party has engaged in “vexatious and frivolous litigation,” Taylor v. Taylor, 734 So.2d 473 (Fla. 4th DCA 1999). See Dake v. Kirkley, 767 So.2d 1289 (Fla. 5th DCA 2000) (finding attorney’s fees recoverable under Ro-sen for improper conduct that causes extensive litigation).
We have carefully reviewed the record in this case and conclude that there is no evidence that the former wife engaged in unnecessary or vexatious litigation. To the contrary, it appears that the former husband worked diligently to make a “mountain out of a molehill,” expending time and effort that was grossly disproportionate to the issues and amounts in dispute.
Given the lack of any evidence to support the award of attorney’s fees and costs to the former husband, we reverse the judgment.
REVERSED.
EVANDER and COHEN, JJ, concur.