JACOBUS, J.
Kevin Dybalski, the former husband (“husband”), appeals an order awarding attorney’s fees to Angela Lynne Dybalski, his former wife (“wife”). We reverse the award because we find that husband’s conduct was not sufficiently vexatious to justify an award of fees.
*737 Husband is a former broker who is currently employed as a police officer, while wife works for St. Johns County as an office assistant. This is the parties’ third appearance in this Court relative to the dissolution of their marriage. They originally divorced on February 6, 2009, pursuant to a final consent judgment which disposed of many of the issues related to their thirteen-year marriage, including custody and visitation issues relating to their minor children. A supplemental final judgment was entered that dealt with the outstanding issues, including the equitable distribution of the parties’ property. Husband appealed, and this Court reversed and remanded for reconsideration because of the lack of findings sufficient to justify an inequitable distribution of the marital home and an income-producing loan related to the home. See Dybalski v. Dybalski, 52 So.3d 825 (Fla. 5th DCA 2011). On remand, the court redistributed the property, achieving a roughly fifty/fifty split of the parties’ assets, but gave wife credit for her one-half of $40,000 husband received upon selling the income-producing loan. Husband did not appeal the award but, acting pro se, did appeal an order requiring him to pay wife $5,000 for attorney’s fees she had incurred in the first appeal. The fee award was affirmed per curiam on May 15, 2012. See Dybalski v. Dybalski, 91 So.3d 151 (Fla. 5th DCA 2012).
The current appeal concerns attorney’s fees awarded to wife in connection with a number of post-dissolution motions filed by husband. Husband filed a “supplemental” petition to modify the final consent judgment on July 30, 2010, in which he sought to obtain custody of the parties’ children. Husband also filed a motion for contempt and for enforcement of the final consent judgment. On May 11, 2011, the lower court denied wife’s motion to dismiss the petition for modification but observed that the motion was likely stale due to a stay while the case was on appeal.
On May 11, 2011, husband’s motions were referred to a magistrate for a hearing to be held September 22, 2011. Immediately prior to the hearing, the magistrate denied husband’s motion for a continuance to ascertain the effect testifying would have upon one of his children. Upon the denial of his motion, husband opted to dismiss all three motions set for hearing before the magistrate. On September 30, 2011, wife then moved to be awarded $5,200 in attorney’s fees incurred while defending husband’s motion for modification. No grounds for a fee award were alleged in the motion other than that husband had withdrawn his pending motion.
In an order dated January 13, 2012, the trial court awarded wife $5,200 in attorney’s fees for her defense of the petition for modification. The basis of the award was husband’s withdrawal of the petition for modification, which the court implied showed that he was acting in “bad faith.” The court explained that the withdrawal of the petition was a “de facto voluntary dismissal” but that husband had nonetheless said he might again call up the petition for hearing at some later date. The court found that this “whip sawing” of wife was “unwarranted and unconscionable under the circumstances.” The only finding on the issue of need and ability to pay was that husband was being represented in the trial court by private counsel, he had appealed the earlier attorney’s fee award acting pro se, and he owned a motorcycle valued at over $9,000.
Husband moved for rehearing, arguing the evidence would not support a finding that the petition was frivolous or that he had an ability to pay. He averred that he had previously sold the motorcycle listed on his financial affidavit, his attorney had not been paid, and the $9,350 shown on the *738 affidavit was attributable to his only vehicle. He also contended that he had just been informed of a cut in benefits and pay, but the lower court summarily denied the motion. Husband has now appealed the order awarding attorney’s fees to wife, who has not responded to the appeal.
Attorney’s fee awards in dissolution cases are governed by section 61.16, Florida Statutes, which directs the trial court to consider “the relative financial resources of the parties” in evaluating whether a fee award is appropriate. In doing so, “the trial court must look to each spouse’s need for suit money versus each spouse’s respective ability to pay.” Rosen v. Rosen, 696 So.2d 697, 699 (Fla.1997). A trial court may also consider “any factor necessary to provide justice and ensure equity between the parties.” Id. at 700. These secondary factors include:
the scope and history of the litigation; the duration of the litigation; the merits of the respective positions; whether the litigation is brought or maintained primarily to harass (or whether a defense is raised mainly to frustrate or stall); and the existence and course of prior or pending litigation.
Id. This Court reviews a fee award for an abuse of discretion. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980); Karpovich v. Karpovich, 739 So.2d 137 (Fla. 5th DCA 1999).
Generally, it is an abuse of discretion to award attorney’s fees if the dissolution decree leaves both parties in equal financial positions. Rashid v. Rashid, 35 So.3d 992, 995 (Fla. 5th DCA 2010). However, as this Court explained in Elliott v. Elliott, 867 So.2d 1198 (Fla. 5th DCA 2004), conduct which causes the opposing party to unreasonably incur fees will support a fee award:
Rosen has been interpreted as authorizing an award of attorney’s fees against a spouse for “over litigation,” Zanone v. Clause, 848 So.2d 1268 (Fla. 5th DCA 2003), persisting in litigation when there is “no reasonable prospect of success,” Diaz v. Diaz, 727 So.2d 954 (Fla. 3d DCA 1998), quashed on other grounds, 826 So.2d 229 (Fla.2002), or where the party has engaged in “vexatious and frivolous litigation,” Taylor v. Taylor, 734 So.2d 473 (Fla. 4th DCA 1999). See also, Dake v. Kirkley, 767 So.2d 1289 (Fla. 5th DCA 2000) (attorney’s fees recoverable under Rosen for improper conduct which causes extensive litigation).
Id. at 1201. Specific findings are required to support such an award. Rashid, 35 So.3d at 995; Elliott, 867 So.2d at 1202.
We have carefully reviewed the record and conclude that there is no evidence that husband engaged in unnecessary or vexatious litigation. The only finding made by the trial court relative to this issue was that husband had withdrawn the petition, which the court equated with a voluntary dismissal. This is insufficient, standing alone, to show bad faith or other vexatious conduct. Hustad v. Architectural Studio, Inc., 958 So.2d 569, 570 (Fla. 4th DCA 2007); Arenas v. City of Coleman, 791 So.2d 1234, 1235 (Fla. 5th DCA 2001). Moreover, the claims contained in the motions do not appear frivolous, and husband offered a valid excuse for his withdrawal of the motion. There is also no evidence that the petitions were filed for purposes of harassment. Given the lack of any evidence to support the award of attorney’s fees and costs to wife, we reverse the judgment. See Caryi v. Caryi, 83 So.3d 960 (Fla. 5th DCA 2012).
REVERSED and REMANDED.
GRIFFIN and LAWSON, JJ., concur.