IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

ESTRELLA O. ERNFRIDSSON,

      Appellant,

v.                                                     Case No. 5D22-751
                                                       LT Case No. 05-2019-DR-056257-X

TERRY J. WARD, SR.,

      Appellee.
_____/

Opinion filed July 7, 2023

Appeal from the Circuit Court
for Brevard County,
Jennifer Taylor, Judge.

Natalie Suzanne Kay, Tracy Belinda
Newmark, and Monica D. Offredi, of Kelley
Kronenberg, P.A., Fort Lauderdale, for
Appellant.

Nicholas A. Shannin, Carol B. Shannin,
and Dayna Maeder, of Shannin Law Firm,
P.A., Orlando, for Appellee.


PER CURIAM.

In this appeal from a final judgment of dissolution of marriage, former wife claims that (1) the trial court reversibly erred when it determined that the parties' premarital agreement was valid; (2) the trial court abused its discretion when it entered its equitable distribution award; and (3) the trial court abused its discretion when it denied former wife additional attorney's fees. We affirm as to the first two claims without further discussion. However, we conclude that the trial court abused its discretion when it denied former wife additional fees without making the necessary findings of fact. Accordingly, we reverse and remand on the attorney's fee issue.

In its final judgment of dissolution of marriage, the trial court reaffirmed the validity of the parties' marital settlement agreement and equitably distributed the parties' marital assets. After noting that the litigation involved a short-term marriage with limited marital assets, the trial court found that former wife was not entitled to additional fees beyond the $10,000 in attorney's fees previously paid by former husband to former wife's counsel and the $18,500 paid from the sale of a recreational vehicle.

Former wife moved for rehearing. Among other things, she alleged that the trial court failed to make the necessary findings to support a rejection of her claim for additional attorney's fees. The trial court denied her motion. This appeal followed.

"An award of attorney's fees in a dissolution proceeding is reviewed for [an] abuse of discretion." *Caryi v. Caryi*, 83 So. 3d 960, 961 (Fla. 5th DCA 2012). "While the issue regarding the parties' financial resources is the primary factor to be considered when awarding fees under section 61.16, Florida Statutes . . . , a trial court may consider other relevant factors such as 'the scope and history of the litigation; the duration of the litigation; the merits of the respective positions; whether the litigation is brought or maintained primarily to harass . . . ; and the existence and course of prior or pending litigation.'" *Id.* at 961–62 (quoting *Rosen v. Rosen*, 696 So. 2d 697, 700 (Fla. 1997)). "[I]n situations where a court finds that an action is frivolous or spurious or was brought primarily to harass the adverse party, . . . the trial court has the discretion to deny a request for attorney's fees to the party bringing the suit." *Rosen*, 696 So. 2d at 701. Important to our decision, a fee award under section 61.16 requires specific findings of fact—either in the written final judgment or at the hearing—to support the trial court's fee determination. *Frezza v. Frezza*, 216 So. 3d 758, 760 (Fla. 2d DCA 2017); *Fichtel v. Fichtel*, 141 So. 3d 593, 596 (Fla. 4th DCA 2014); *accord Rawson v. Rawson*, 264 So. 3d 325, 333 (Fla. 1st DCA 2019).

Former wife claims that the trial court abused its discretion when it denied her additional attorney's fees without making the necessary findings

of fact. In denying the additional fees, the trial court's analysis was limited to a finding that the case involved a short-term marriage with minimal marital assets. This restricted evaluation was deficient because it "failed to contain sufficient findings on the parties' respective financial resources to facilitate meaningful appellate review." *Middleton v. Middleton*, 332 So. 3d 54, 56 (Fla. 5th DCA 2021).

Former husband also argues that the trial court could have found that there was no entitlement to additional attorney's fees because of former wife's unnecessary litigation on the premarital agreement issue. However, there were no findings that former wife engaged in unnecessary litigation. And "[w]here a trial court intends the fee award to be a sanction for a party's actions, the fee order must contain sufficient findings to support the trial court's decision." *Tutt v. Hudson*, 299 So. 3d 568, 572 (Fla. 2d DCA 2020); *see also Shaw v. Shaw*, 311 So. 3d 1037, 1040–41 (Fla. 1st DCA 2021) (same).

Accordingly, we reverse and remand on the attorney's fee issue with directions for the trial court to "consider the parties' financial resources, as well as any other factors that may be appropriate, . . . and make sufficient factual findings to facilitate meaningful appellate review." *Middleton*, 332 So.

3d at 56. In all other respects, the final judgment of dissolution of marriage is affirmed.

AFFIRMED in part; REVERSED in part; and REMANDED.

MAKAR, JAY and SOUD, JJ., concur.