PER CURIAM.
Barbara Abraham, the former wife, appeals from an order domesticating a judgment of dissolution of marriage from New York State,[1] and denying her petition for modification. We affirm the denial of that petition, as we find no abuse of discretion.
However, as to her attorney’s appeal from the denial of his motion for statutory attorney’s fees, we reverse. The award of fees is a matter of determining one party’s need and the other party’s ability to pay. § 61.16(1), Fla. Stat. (1997). “The prevailing party standard does not govern in determining whether the court may award an attorney fee to a party in a dissolution action.” Pyszka, Kessler, Massey, Weldon, Catri, Holton, & Douberley, P.A. v. Mullin, 602 So.2d 956, 958 (Fla. 3d DCA 1992) (citations omitted); see also Abernathy v. Fishkin, 638 So.2d 160, 164 (Fla. 5th DCA 1994) (“Statutory fees awarded pursuant to section 61.16 are not based upon a prevailing-party standard”). Although the wife did not prevail in her action, the record does not demonstrate that she acted in bad faith, or that this litigation was “frivolous or spurious or was brought primarily to harass the adverse party.” Cervoni v. Cervoni 715 So.2d 282, 284 (Fla. 3d DCA 1998) (citation omitted).
Affirmed in part; reversed in part; remanded for further proceedings consistent with this opinion.

. The final judgment of dissolution of marriage was entered in New York in 1972, and modified in 1976.