826 So.2d 1029 (2001)
John MURRAY, Appellant,
v.
Nancy Simon MURRAY, Appellee.
Nos. 3D00-1948, 3D00-3150.
District Court of Appeal of Florida, Third District.
November 21, 2001.
*1030 Melvyn B. Frumkes, Miami; Cynthia L. Greene, Miami, for appellant.
Lauri Waldman Ross, Miami, for appellee.
Before SCHWARTZ, C.J., and FLETCHER and SORONDO, JJ.
SORONDO, J.
John Murray appeals a final judgment of dissolution of marriage with respect to the trial court's permanent alimony award to Nancy Simon Murray, his former wife. Mrs. Murray cross-appeals the amount of alimony awarded, arguing that the lower court erred in its calculations by failing to include Mr. Murray's bonuses in the equation and by mistaking his net and gross income.
We find no abuse of discretion in the lower court's decision to award permanent *1031 alimony to Mrs. Murray and affirm.[1] We do, however, agree with Mrs. Murray that the trial judge erred in both the calculation of the award and the denial of attorney's fees and costs. Accordingly, we reverse on the cross-appeal.
In her Final Judgment, the trial judge determined that "[Mr. Murray's] gross monthly income is $16,000." Although the court acknowledged in a footnote that Mr. Murray had received additional bonuses at the end of the year, specifically noting that his 1999 bonus was $192,000, we do not find that this additional income was properly considered.
In a financial affidavit filed by Mr. Murray in January of 2000, he indicated that his monthly gross income, including his bonus, was $35,833. In reaching a net figure, Mr. Murray properly subtracted payments for monthly federal income taxes, FICA, Medicare and health insurance payments, a total of $12,370. He improperly subtracted $7,000 he was paying in court ordered alimony payments in this case. Using these numbers, Mr. Murray reported a net income of $16,463. The $16,000 round figure used by the trial judge represented Mr. Murray's monthly net and not his gross as indicated in the Final Judgment. As indicated above, the $7,000 he was paying as alimony in the present case should not have been excluded from his net income when calculating his permanent alimony obligations. We therefore conclude that his net monthly income was $23,463, and remand for a calculation of the necessary upward adjustment in Mrs. Murray's alimony award.[2]
Mrs. Murray further cross-appeals the lower court's denial of her motion for statutory attorney's fees and costs. "The award of fees is a matter of determining one party's needs and the other party's ability to pay." Abraham v. Abraham, 753 So.2d 625 (Fla. 3d DCA 2000); § 61.16(1), Fla. Stat. (1997). The purpose of section 61.16 is to ensure that both parties will have a similar ability to obtain competent legal counsel. Rosen v. Rosen, 696 So.2d 697, 699 (Fla.1997). The record demonstrates that Mr. Murray's earning ability is infinitely greater than Mrs. Murray's. His total wages for the years of 1994 through 1999 were the following:

1994$429,301
1995$497,783
1996$678,618
1997$732,346
1998$567,573
1999$661,139

This income far exceeds Mrs. Murray's earnings during the same period, as well as her ability to earn in the future. The trial court's consideration of Mrs. Murray's share of the equitable distribution in denying the motion was inappropriate. A substantial part of the equitable distribution is the equity in the marital home, the very significant amount of fees and costs in this case will seriously erode her share of the marital estate. In Rosen, the Florida Supreme Court said:
In Canakaris [v. Canakaris, 382 So.2d 1197 (Fla.1980)], we noted that it is not necessary that one spouse be completely unable to pay attorney's fees for the trial court to require the other spouse to pay those fees. In other words, to ensure *1032 that both parties have similar access to competent legal counsel, the trial court must look to each spouse's need for suit money versus each spouse's respective ability to pay.
Id. We hold that the denial of Mrs. Murray's motion was an abuse of discretion and reverse. On remand, the trial court will grant her motion.
Affirmed in part; reversed in part, and remanded with directions.
NOTES
[1] We also find no merit in Mr. Murray's second issue in this appeal.
[2] The trial judge reduced Mr. Murray's permanent monthly alimony obligation by the amount he was then temporarily paying on a monthly basis for Mrs. Murray's automobile. Under this scenario, when the car debt is payed off in the very near future, Mrs. Murray will be forced to return to court to have that amount added to her alimony. On remand, the trial judge will recalculate the appropriate permanent alimony given the net income indicated above. No deduction will be made for the automobile in question. The automobile debt will then be the responsibility of Mrs. Murray.