GRIFFIN, J.
This is the appeal of a final judgment setting aside a property settlement agreement.
Petitioner below, Paul 0. Suppa [“Husband”], and respondent below, Donna L. Suppa [“Wife”], were married in 1962. The parties entered into a “Marital Settlement Agreement for Divorce, Consent to Jurisdiction, Waiver of Service of Process and Waiver of Notice of Hearing” on June 23, 2000. Neither party was represented by counsel when entering into the agreement, and the agreement indicated they were assisted by S.L. Silvestro, a paralegal, in filling out the agreement form. The agreement included a division of possessions and debts. No alimony was to be paid to either party. Child support was no issue as the parties had no minor children.
Soon after the agreement was executed, a petition for dissolution of marriage was filed. After a hearing on the petition, a “Final Judgment of Dissolution of Marriage with Marital Settlement Agreement” was entered on July 25, 2000. The court ordered that the marriage be dissolved, ratified the marital settlement agreement, and reserved jurisdiction to enforce or modify the terms of the order or the agreement.
On August 22, 2000, Wife, now represented by counsel, filed a “Motion to Set Aside Final Judgment for Dissolution of Marriage and Marital Settlement Agreement.” The motion recited that it was “made pursuant to the Rules of Civil Procedure” — which appears to mean pursuant *989 to Florida Rule of Civil Procedure 1.540.[1] Wife made, inter alia, the following allegations:
3. During the course of the marriage [Wife] was never gainfully employed.
4. Throughout the entire duration of the marriage [Husband] was the “bread winner” of the marriage.
5. Since the date of marriage [Husband] has worked for the Federal Government and is now receiving a pension.[2]
6. The Parties obtained the services of a paralegal, STEPHEN L. SILVES-TRO, a non-lawyer.
7. During the course of the negotiations [Husband] informed [Wife] that she was not entitled to his Government Pension. That is in fact a lie.
8. That lie was used to induce [Wife] to sign away her rights to the Pension. [Wife], as a matter of law, has a one-half interest [in] [Husband’s] Pension.
9. During the course of the negotiations, [Husband] threatened [Wife] with putting her in abject poverty if she did not sign the “divorce papers.”
10. [Husband] threatened [Wife] that if she did [not] sign the papers, he would delay the divorce and make the divorce out to be [Wife’s] fault.
11. [Wife] is uneducated in this area in that she has been a homemaker for many, many years. In that position she has been sheltered from the world, thus [Husband] is in a superior, emotional and knowledge stand point.
12. Due to [Husband’s] threats and intimidation [Wife] was induced into signing the Agreement.
13. During the negotiations [Husband] surreptitiously removed from the parties (sic) joint savings bonds in the approximate amount of $100,000.00. [Wife] did not receive any of those funds in the divorce settlement.
14. [Husband] also “short changed” [Wife] in the equitable distribution of their money market, annuities and other financial accounts. [Husband] did this in a secretive way.
15. The Settlement as entered into by the Parties is uncongenial for the following reasons, but not limited to:
a) [Wife] was induced into giving up a Pension that has an approximate value of $600,000.00.
b) [Wife] was induced into giving up bonds in the approximate amount of $100,000.00 by direct fraud and thievery of [Husband].
c) [Husband] did not equitably divide the financial accounts as he promised.
d) [Husband] defrauded [Wife] into signing the contract thus the contract was fraudulent (sic) obtained.
e) There was no financial disclosure ' as required by the Rules of Civil Procedures (sic). [Husband] requested this in order to conceal his fraud.
(emphasis in original). Wife requested the agreement be set aside and Husband be ordered to pay attorney’s fees.
Although there were apparently two hearings during which testimony of the parties and other witnesses was taken and exhibits were placed into evidence, Husband has only included in the record an excerpt of the hearing on November 4, 2002, containing the oral findings and the ruling of the court. The trial judge began *990 by explaining that the case was controlled by Casto v. Casto, 508 So.2d 330 (Fla. 1987). The trial court declined to find fraud, but ruled that there was a lack of disclosure by Husband and a lack of understanding by Wife. The judge said:
Otherwise, there’s no way, a 38-year marriage, together five years before that, absolute by law entitlement to either permanent alimony or one half of the pension. That’s — that would not even be — the lawyers wouldn’t even be here debating that. She would absolutely be entitled to that.
[[Image here]]
So I do — I do think the Casto case controls as far as the fact that the basic inherent unfairness of the agreement brings me to the fact that she either.— there was either concealment or lack of knowledge on her part. And, therefore, the burden would shift to [Husband], that he did explain everything to her fully; that she understood it and knowingly and willingly signed that, notwithstanding she gave up so many rights. And I don’t think that burden has been met. '
Counsel for Husband objected that Wife had only alleged fraud or duress and, because the court found there was no fraud or duress, Wife did not properly plead grounds to set the agreement aside. The Court responded:
Well, the argument is she was without adequate knowledge because of fraud or duress. I’m finding that she was without adequate knowledge, without specifically finding fraud or duress. And I think under Casto you don’t have to find fraud or duress, if I make the finding that there is a basic inherent unfairness.
Counsel for Wife then moved to amend the pleadings to conform with the evidence, which the court granted, and thereafter, ordered the settlement agreement set aside.
We find no error in the decision to set aside the agreement. Husband urges one single point on appeal, that Wife had only alleged fraud in her rule 1.540 motion, and so granting relief on any other basis was not permissible.
First, we note that lack of financial disclosure was alleged in the Wife’s motion to set aside the agreement. Also, it was not an abuse of discretion to allow an amendment to conform to the evidence.
Finally, the trial court correctly applied the test set forth in Casto to the facts of this case. The Casto court explained:
[T]he fact that one party to the agreement apparently made a bad bargain is not a sufficient ground, by itself, to vacate or modify a settlement agreement. The critical test in determining the validity of marital agreements is whether there was fraud or overreaching on one side, or, assuming unreasonableness, whether the challenging spouse did not have adequate knowledge of the martial property and income of the parties at the time the agreement was reached.
Id. at 333-334 (citations omitted) (emphasis added). This case is controlled by Cas-to. The trial court expressly found that this was not an arms’ length negotiation and that Wife did not know her rights.
AFFIRMED.
THOMPSON, J, concurs.
PLEUS, J., concurs and concurs specially with opinion.

. In accordance with Florida Family Law Rule 12.540, relief from judgment in family law cases is governed by Florida Rule of Civil Procedure 1.540.

. Husband’s actual date of retirement does not appear in the briefs or the appendix, and is unknown.