NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ALAYNA ROGERS, )
)
       Appellant, )
)
v. )      Case No. 2D15-991
)
SEAN STACY WIGGINS, )
)
       Appellee. )
_____)

Opinion filed August 24, 2016.

Appeal from the Circuit Court for
Pinellas County; Jack Helinger, Judge.

John A. Smitten of Carey, Leisure and
Neal, Clearwater, for Appellant.

Jane H. Grossman, St. Petersburg, for
Appellee.


KELLY, Judge.

       Alayna Rogers (the mother) challenges the trial court's order requiring her

to pay Sean Stacy Wiggins's (the father's) attorney's fees incurred in defending against

the mother's amended supplemental petition to modify child custody. We reverse the

award of fees because the trial court erred in its consideration of the factors set forth

under section 61.16, Florida Statutes (2014).

The parties are the parents of a daughter who was born in 2005. They had a rocky relationship and never married. Originally, the mother was designated as the primary residential parent; however, she encountered some difficulties with substance abuse and, in 2009, agreed that the father should assume sole parental responsibility for the child. At that time, the mother was allowed only supervised visitation. Thereafter, the mother moved to California, married, and started a new family. In February 2013, the mother, alleging that she had turned over a new leaf, filed a supplemental petition for modification requesting unsupervised visitation with the child and shared parental responsibility. The trial court granted the mother's request for unsupervised visitation. Later that same year, the mother filed an amended supplemental petition in which she sought permission from the court to relocate the child to California. After a final hearing, the court denied the relief requested by the mother.

The father sought fees under section 61.16, Florida Statutes and Rosen v. Rosen, 696 So. 2d 697 (1997).[1] The court awarded the father a portion of his attorney's fees and costs. The fee order states a significant portion of the father's attorney's fees were attributable to the mother's attempt to obtain a change of custody and have the child live with her in California, a position the court characterized as "selfish." The court awarded the father attorney's fees of $10,000 and costs of $1939.85.

_____

[1]As a paternity case, the applicable statute is section 742.045, Florida Statutes (2014), not section 61.16. Section 742.045 is "nearly identical to the text and function of section 61.16," therefore Rosen applies to the consideration of a fee award under that statute as well. See Zanone v. Clause, 848 So. 2d 1268, 1271 (Fla. 5th DCA 2003). The mother did not object to the father's reliance on the wrong fee statute, nor was she prejudiced by it. We are considering the award under the statute cited by the father because any objection was waived by the mother and because our analysis would be the same regardless of which statutory provision the father cited.

Section 61.16(1) permits the trial court to order a party in a child custody case to pay a reasonable amount for attorney's fees. In Rosen, the court explained:

> Section 61.16 constitutes a broad grant of discretion, the operative phrase being "from time to time." The provision simply says that a trial court may from time to time, i.e., depending on the circumstances surrounding each particular case, award a reasonable attorney's fee after considering the financial resources of both parties. *Under this scheme, the financial resources of the parties are the primary factor to be considered.* However, other relevant circumstances to be considered include factors such as the scope and history of the litigation; the duration of the litigation; the merits of the respective positions; whether the litigation is brought or maintained primarily to harass (or whether a defense is raised mainly to frustrate or stall); and the existence and course of prior or pending litigation.

696 So. 2d at 700 (emphasis added). Although Rosen states a trial court has discretion to *deny* fees to a party that engages in excessive or bad faith litigation, cases have interpreted it as authorizing an award of fees against a party for such conduct. See, e.g., Perez v. Perez, 100 So. 3d 769, 773 (Fla. 2d DCA 2012) (in dicta); Elliott v. Elliott, 867 So. 2d 1198, 1201 (Fla. 5th DCA 2004); Zanone v. Clause, 848 So. 2d 1268, 1271 (Fla. 5th DCA 2003); Taylor v. Taylor, 746 So. 2d 577, 579 (Fla. 1st DCA 1999). While the trial court may take into account the manner in which the mother litigated a case, that factor "does not, however, abrogate the requirement that [the mother] have the ability to pay." Zanone, 848 So. 2d at 1271.

Here, as in Zanone, the trial court's order "recites the conclusory finding that [the mother] had the ability to pay the fee award," but the record does not support that conclusion. Id. In fact, the court's factual finding that the mother had no income and no assets contradicts its conclusion that she had the ability to pay. Accordingly, it

was improper to award the fees to the father. See Hahamovitch v. Hahamovitch, 133 So. 3d 1020, 1024-25 (Fla. 4th DCA 2014) ("Rosen cannot be applied to allow an award of attorney's fees in favor of a spouse with the greater financial ability to pay.").

It is evident the trial court's decision to award fees to the father was prompted by its conclusion that the mother was "selfish" in seeking to modify custody. The record is replete with statements by the court reflecting its view that the mother's decision to seek a modification of custody was not based on what was best for the child, but rather stemmed from her desire to assuage her guilt for the past. Even if this rationale could support a fee award under section 61.16, absent the required showing of need and ability to pay, the award cannot be upheld. See Hallac v. Hallac, 88 So. 3d 253, 258 (Fla. 4th DCA 2012) (holding that it is error to assess fees against a party who has no ability to pay, even though the party may have engaged in meritless litigation).

The father makes an alternative argument that the fees can be justified under the court's inherent authority to sanction a party for inequitable conduct. See, e.g., Bitterman v. Bitterman, 714 So. 2d 356, 365 (Fla. 1998) ("The inequitable conduct doctrine permits the award of attorney's fees where one party has exhibited egregious conduct or acted in bad faith."). We cannot uphold the award on that basis, however. While the trial court viewed the mother's actions as selfish and contrary to the best interests of the child, those findings in and of themselves do not support an award of fees as a sanction under the inequitable conduct doctrine. The mother's petition was not without support. In its final order the trial court notes it heard twenty-three witnesses and that "much of the testimony was conflicting." The evidence included testimony and a report from the guardian ad litem that supported the mother's position.

- 4 -

The mother's conduct as described by the trial court is not the type of behavior the inequitable conduct doctrine was intended to punish. "Such awards are rarely applicable and should be reserved for extreme cases in which a party litigates vexatiously and in bad faith." Hallac, 88 So. 3d at 259. Accordingly, we reverse the award of attorney's fees to the father.

Reversed.

KHOUZAM and CRENSHAW, JJ., Concur.