NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

MARIA TEREZA DE CASTELO BRANCO      )
FERREIRA CLEARY, aka M. TERESA      )
CLEARY,                             )
                                    )
                Appellant,          )
                                    )
v.                                  )          Case No. 2D16-4691
                                    )
ROBERT W. CLEARY,                   )
                                    )
                Appellee.           )
_____  )

Opinion filed November 3, 2017.

Appeal from the Circuit Court for
Hillsborough County; Catherine M. Catlin,
Judge.

Arnold D. Levine and Robert H. Mackenzie
of Levine & Sullivan, P.A., Tampa, for
Appellant.

Lorena L. Kiely, Tampa, for Appellee.


LUCAS, Judge.

        In Cleary v. Cleary, 872 So. 2d 299 (Fla. 2d DCA 2004), an opinion that

provides the backdrop for the present appeal, we reversed part of the circuit court's

equitable distribution and retroactive alimony award in a final judgment of dissolution of

marriage and remanded the case for further proceedings so that the circuit court could

fashion an appropriate adjustment. We do not know why, but the parties chose not to pursue the matter further in the circuit court for more than a decade. In 2014 and 2015, however, the litigants brought the dispute back before the court, seeking what was, in essence, an accounting of all the payments and transactions that had transpired which they contended should be considered in the wake of this court's 2004 opinion and remand. On August 30, 2016, after the conclusion of evidentiary hearings in which the parties presented numerous financial documents and the testimony of accountants, the circuit court entered a final judgment. The final judgment incorporated findings from a prior omnibus order and money judgment that had been entered on October 5, 2015. Among its rulings and determinations, the circuit court's final judgment awarded $94,482.25 of attorney's fees and costs to Robert W. Cleary, the Former Husband. Maria Tereza de Castelo Branco Ferreira Cleary, the Former Wife, now appeals that ruling.

From our review of the record, we find no error in the court's factual determinations, including its conclusion that the attorney's fees and costs the Former Wife incurred after a December 1, 2014, meeting between the parties' respective accountants were not reasonable. We also agree with the circuit court's observation in the final judgment that the Former Wife's "pursuit of her claims [was] completely without merit, unjustified[,] and caused attorney's fees and costs for [the] Former Husband that should not have been incurred."[1]

---

[1]It is quite clear that the circuit court found the Former Husband's expert accountant far more credible and persuasive than the Former Wife's accountant, a determination that the circuit court was free to make and that was amply supported by the record.

What we find problematic is that the final judgment never described what legal basis supported an attorney's fee award in favor of the Former Husband, whether it might be section 61.16, Florida Statutes (2016), Rosen v. Rosen, 696 So. 2d 697 (Fla. 1997), or the court's "inherent authority" to sanction egregious conduct or bad faith litigation. See Moakley v. Smallwood, 826 So. 2d 221, 226 (Fla. 2002); Myrick v. Myrick, 214 So. 3d 769, 772 (Fla. 2d DCA 2017). Although otherwise thorough and detailed, the final judgment is silent on this point.

In his briefing and at oral argument, the Former Husband disclaimed inherent authority as a basis for the circuit court's ruling, instead arguing that we should simply construe the circuit court's findings within the framework of section 61.16(1) and Rosen. We are prevented from doing so, however, because the final judgment included findings that the Former Wife was entitled to have *her* attorney's fees paid for by the Former Husband (up to December 1, 2014), and that the Former Husband had an ability to pay those fees for her. Those findings preclude premising a fee award to the Former Husband under section 61.16 and Rosen. See Rogers v. Wiggins, 198 So. 3d 1119, 1121 (Fla. 2d DCA 2016) (holding under section 61.16(1) and Rosen that "[w]hile the trial court may take into account the manner in which the mother litigated a case, that factor 'does not, however, abrogate the requirement that [the mother] have the ability to pay.' " (second alteration in original) (quoting Zanone v. Clause, 848 So. 2d 1268, 1271 (Fla. 5th DCA 2003))); Hahamovitch v. Hahamovitch, 133 So. 3d 1020, 1024-25 (Fla. 4th DCA 2014) ("Rosen cannot be applied to allow an award of attorney's fees in favor of a spouse with the greater financial ability to pay."). Were we to categorize the final judgment's fee award as an exercise of inherent authority—which, again, the Former

- 3 -

Husband does not believe we should do—we would still be constrained to reverse that part of the judgment, as the disputed accounting issues concerning credits and payments between these litigants do not present the kind of "extreme case" that would give rise to this "rarely applicable" common law sanction. See Bitterman v. Bitterman, 714 So. 2d 356, 365 (Fla. 1998); Hallac v. Hallac, 88 So. 3d 253, 259 (Fla. 4th DCA 2012) ("Such awards are rarely applicable and should be reserved for extreme cases . . . .").[2]

Accordingly, we must reverse the portion of the final judgment that awards the Former Husband his attorney's fees from the Former Wife. We affirm the judgment in all other respects. On remand, the circuit court shall enter an amended final judgment striking the fee award in favor of the Former Husband.

Affirmed in part; reversed in part; remanded with instructions.

CASANUEVA and ROTHSTEIN-YOUAKIM, JJ., Concur.

---

[2]We would also observe that, although detailed in their recitation of the evidence the court considered, neither the final judgment nor the omnibus order recite factual findings of bad faith conduct with the requisite "high degree of specificity" necessary to invoke the court's inherent authority to impose sanctions. See Moakley, 826 So. 2d at 227.