# Third District Court of Appeal
## State of Florida

Opinion filed November 1, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-2027
Lower Tribunal No. 19-24417
_____


**Esther Alarcon**,
Appellant,

vs.

**Seth Dagen**,
Appellee.


An appeal from the Circuit Court for Miami-Dade County, Abby Cynamon, Judge.

Bruce Law Firm P.A., Christopher R. Bruce, and Betzy Falgas (West Palm Beach), for appellant.

Barry E. Witlin, P.A., and Barry E. Witlin (Plantation), for appellee.


Before FERNANDEZ, SCALES, and MILLER, JJ.

MILLER, J.

Appellant, Esther Alarcon, the mother, appeals from a final order granting attorney's fees to appellee, Seth Dagen, the father. On appeal, the mother contends the trial court erred in awarding fees without considering the respective resources of the parties, as required under section 61.16(1), Florida Statutes (2022), and Rosen v. Rosen, 696 So. 2d 697 (Fla. 1997). Finding a lack of competent, substantial evidence to support the award, we reverse.

## BACKGROUND

This appeal finds its genesis in a contentious and protracted paternity dispute. After the parties stipulated to paternity, the mother sought to establish a parenting plan, parental responsibility, and child support. The case proceeded to a multi-day trial before the predecessor judge on the eve of his retirement. At the conclusion of the trial, the judge issued factual findings by e-mail through his assistant and requested the parties jointly submit a proposed judgment. He found as follows:

> [The judge] prefers one week with [the mother], one week with [the father]. Doing exchange every Sunday at 5:00 P.M. Party without child may have dinner with child Wednesday[s]. . . . Parties shall share parental responsibility, neither has ultimate decision[-]making authority in any area. No additional makeup time other than previously awarded. Try to agree to child support calculation now that they know its 50/50, also [h]olidays are shared 50/50.

2

The parties were unable to agree to the form of a judgment before the judge retired, and the successor judge declined to enter a judgment. The parties then proceeded to a second trial, at the conclusion of which the court entered a final judgment granting the father majority timesharing and sole parental responsibility. That judgment is the subject of a companion appeal.

The father subsequently moved for fees under Rosen and its progeny.[1] The trial court granted the request. In doing so, the court found the conduct of the mother "hypocritical, without merit and contrary to the best interests of the child" and her position "largely meritless." The order further reflected the mother had previously failed to fully comply with a court-ordered speech therapy schedule and expressed unsubstantiated concerns the child was in danger. The court ordered the mother to pay $25,000 in fees. The instant appeal ensued.

## STANDARD OF REVIEW

We review an award of fees in a timesharing dispute for an abuse of discretion. See Hahamovitch v. Hahamovitch, 133 So. 3d 1020, 1022 (Fla. 4th DCA 2014). "However, to the extent that a trial court's order on fees is based on its interpretation of the law, the standard of review is de novo." Id.

---

[1] The father also sought fees as the prevailing party. Absent an attendant contractual obligation, prevailing party fees are improper in a family case. See Vitale v. Vitale, 31 So. 3d 970, 973–74 (Fla. 4th DCA 2010).

**ANALYSIS**

Chapter 61 of the Florida Statutes governs dissolution of marriage, support, and time-sharing. Among its purposes is "[t]o safeguard meaningful family relationships" and "mitigate the potential harm to the spouses and their children." § 61.001(2), Fla. Stat. Section 61.16(1), Florida Statutes, provides, in pertinent part:

> The court may from time to time, after considering the financial resources of both parties, order a party to pay a reasonable amount for attorney's fees, suit money, and the cost to the other party of maintaining or defending any proceeding under this chapter, including enforcement and modification proceedings and appeals.

In the seminal case of Rosen v. Rosen, 696 So. 2d 697 (Fla. 1997), the Florida Supreme Court reiterated the longstanding principle that any determination of attorney's fees in dissolution, support, and time-sharing cases must begin with an assessment of the financial affairs of the parties. See id. at 700. This approach serves the laudatory purpose of ensuring "both parties . . . have a similar ability to obtain competent legal counsel." Id. at 699.

Resources, of course, are not the exclusive consideration. To the contrary, the Rosen court expressly noted:

> [O]ther relevant circumstances to be considered include factors such as the scope and history of the litigation; the duration of the litigation; the merits of the respective positions; whether the

4

litigation is brought or maintained primarily to harass (or whether a defense is raised mainly to frustrate or stall); and the existence and course of prior or pending litigation.

Id. at 700. In this vein, the court stated that, where "an action is frivolous or spurious or was brought primarily to harass the adverse party, . . . the trial court has the discretion to deny a request for attorney's fees to the party bringing the suit." Id. at 701. Notably, however, the court did not expressly authorize granting fees against the proponent of such a suit. See id. at 703.

Our sister courts have explored the parameters of these principles in a series of Rosen progeny cases. In one case, Hallac v. Hallac, 88 So. 3d 253 (Fla. 4th DCA 2012), the Fourth District Court of Appeal held that, where a spouse with no need seeks fees from the spouse with a lesser ability to pay, "the primary criteria of the statute are not present" and "Rosen [cannot] be applied to an award of attorney's fees in favor of the spouse with the greater financial ability to pay." Id. at 259. Similarly, in Rogers v. Wiggins, 198 So. 3d 1119 (Fla. 2d DCA 2016), the Second District Court of Appeal found that, "[w]hile the trial court may take into account the manner in which the mother litigated a case, that factor 'does not however, abrogate the requirement that [the mother] have the ability to pay.'" Id. at 1121 (quoting Zanone v. Clause, 848 So. 2d 1268, 1271 (Fla. 5th DCA 2003)).

5

These holdings are substantially consistent with other decisions around the state.  See Murray v. Murray, 826 So. 2d 1029, 1031 (Fla. 3d DCA 2001) (reiterating purpose of fee statutes is to ensure both parties have similar ability to obtain competent counsel); Derrevere v. Derrevere, 899 So. 2d 1152, 1153 (Fla. 4th DCA 2005) ("The standard for awarding attorney's fees in dissolution cases is the financial need of the requesting party and the financial ability of the other party to pay."); Cleary v. Cleary, 232 So. 3d 497, 498–99 (Fla. 2d DCA 2017) (reversing order that wife pay husband's attorney's fees because husband had ability to pay and wife had need); Cletcher v. Cletcher, 348 So. 3d 1223, 1227 (Fla. 2d DCA 2022) (holding order granting wife attorney's fees was impermissible because she had greater financial ability to pay).

Against this legal landscape, we examine the instant case.  The order on appeal contains no discussion of the financial resources of the parties, and there is no evidence of record establishing the father's need and the mother's ability to pay.  Rather, the parties' financial affidavits demonstrate the father's wages and resources far exceed those of the mother.  Indeed, in prior proceedings, the father complained the mother failed to meet her monthly obligations to creditors.

While we are mindful that high-conflict disputes have the potential to strain already limited judicial resources, fee awards in derogation of the traditional rubric of need and ability should not extend to run-of-the-mill custody cases. Instead, they are reserved for the most egregious of litigation conduct. See Hahamovitch, 133 So. 3d at 1025; Bitterman v. Bitterman, 714 So. 2d 356, 365 (Fla. 1998); Sumlar v. Sumlar, 827 So. 2d 1079, 1084 (Fla. 1st DCA 2002).

Here, "[w]hile the trial court viewed the mother's actions as selfish and contrary to the best interests of the child," such findings are insufficient, in and of themselves, to justify an award of fees. Rogers, 198 So. 3d at 1122. The remaining findings fell short of establishing the mother engaged in vexatious conduct, and the second trial was not necessitated by frivolity or hostile litigation, but rather a failing of the judicial process.

Under these circumstances, the fee award cannot be sustained. Accordingly, we reverse and remand for further proceedings.

Reversed and remanded.