# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D23-2424
Lower Tribunal No. 2009DR-007240-0000-lk

_____

JAY MARC O'HAIR,

Appellant,

v.

BRENDA LOU O'HAIR,

Appellee.

_____

Appeal pursuant to Fla. R. App. P. 9.130 from the Circuit Court for Polk County.
Torea Spohr, Judge.

April 4, 2024

NARDELLA, J.

Jay Marc O'Hair ("Former Husband") appeals from the trial court's order granting the motion of Brenda Lou O'Hair ("Former Wife") to set aside their marital settlement agreement ("MSA") and for relief from the 2009 final judgment of dissolution that ratified and incorporated the MSA ("Judgment"). When a marital settlement agreement is incorporated into a judgment, relief from the agreement requires relief from the judgment. Determining the law which governs relief from a judgment is a pure issue of law accorded de novo review. *Bosem v. Musa Holdings,*

*Inc.*, 46 So. 3d 42, 44 (Fla. 2010). Because the trial court applied the wrong law in granting Former Wife relief from the Judgment, we reverse and remand for further proceedings under the appropriate governing law.

After twenty-eight years of marriage, the parties executed the MSA, wherein Former Wife agreed to pay a substantial share of her income to Former Husband. After executing the MSA, Former Husband filed an action for simplified dissolution of marriage, which ended when the trial court entered the Judgment ratifying the MSA, incorporating it into the Judgment, and ordering the parties to obey all its provisions.

More than a decade later, Former Wife stopped making the payments detailed in the MSA and incorporated into the Judgment. To compel her performance, Former Husband moved to enforce the Judgment. He also sought an order of contempt and an award of attorney fees. It was then, for the first time, that Former Wife requested relief from the Judgment, asking the trial court to "set aside, rescind, void and/or cancel" the MSA because it was not supported by consideration, it was executed under duress, it was unconscionable, and Former Husband supplied her with a fraudulent financial affidavit. In doing so, Former Wife argued that the MSA was due to be set aside under the analysis in *Casto v. Casto*, 508 So. 2d 330 (Fla. 1987), which involved a prejudgment challenge to a postnuptial agreement. She also sought relief from the Judgment under Florida Family Law Rule of Procedure

2

12.540(b)(3)–(5). Former Wife later clarified her position in a supplemental memorandum of law, arguing that the analysis in *Casto*, not rule 12.540, governs the outcome of her arguments and, if she prevails under *Casto* such that the MSA must be set aside, then the Judgment would be inequitable and fall away under rule 12.540(b)(5). In response, Former Husband argued, among other things, that rule 12.540(b), rather than *Casto*, applied to this case and that Former Wife could not show she was entitled to relief under that rule because the time to seek relief had expired.

After an evidentiary hearing on Former Wife's motion, the trial court found Former Wife would not have signed the MSA absent the "coercion, duress and extreme state of fear in which she was placed because of the words and actions of the Former Husband." Further, the trial court found that his behavior continued beyond the dissolution of their marriage and included threats of physical harm to Former Wife and her property. This, the trial court concluded, created a well-founded fear of Former Husband, who even admitted to his mental instability and propensity for violence during this time.

Relying exclusively on *Casto* for guidance, the trial court then applied its finding of sincere and reasonable fear to grant Former Wife relief, never addressing the timeliness of any of her arguments. Based on these rulings, the trial court also denied as moot Former Husband's motion to enforce the Judgment, for an order of

3

contempt, and for an award of attorney fees. By relying on *Casto*, as opposed to rule 12.540(b), the trial court erred.

Once an agreement between two or more parties is incorporated into a final judgment, a party seeking relief from the agreement must do so by seeking relief from the judgment, not the agreement. *See Miller v. Preefer*, 1 So. 3d 1278, 1282 (Fla. 4th DCA 2009) ("Effectively, the trial court had incorporated the settlement agreement into its final judgment resolving the 1992 lawsuit. When it did, the settlement agreement, even though it contained an illegal covenant restraining trade, essentially became sheltered within the judgment. To undo the settlement agreement, or even just the covenant not to compete recited within it, Miller was required to undo the judgment itself."). Rule 12.540(b) sets forth the bases upon which a party may seek and obtain relief from a judgment. Fla. Fam. L. R. P. 12.540(b); *Brooks v. Brooks*, 340 So. 3d 543, 546 (Fla. 3d DCA 2022). Therefore, this case is not, as the trial court's order indicates, governed by *Casto*. *Casto* involved a challenge to a postnuptial agreement during a dissolution proceeding. The agreement in *Casto* had not become part of a final judgment and, thus, rule 12.540(b) did not apply and appropriately was not considered by the Florida Supreme Court.[1] The MSA in this case, on the other hand, was incorporated into

---

[1] Former Wife's argument that *Macar v. Macar*, 803 So. 2d 707 (Fla. 2001), stands for the proposition that *Casto* applies in the present case is unpersuasive. In *Macar*, the parties, both of whom were represented by counsel and conducted

and had therefore become a part of a final judgment. Thus, it was error for the trial court to analyze Former Wife's arguments under *Casto*, as opposed to rule 12.540(b).

Having found rule 12.540(b) controls, the next question is whether the record, as Former Husband argues, clearly demonstrates that each of Former Wife's arguments for relief are time barred under rule 12.540(b). On this record, we cannot say with certainty that all of Former Wife's arguments are time barred. For example, Former Wife argued Former Husband provided her with a fraudulent financial

---

extensive discovery, executed a marital settlement agreement during their dissolution proceeding—an agreement that was accepted by the trial court and incorporated into the final judgment of dissolution. *Id*. at 709. Six months after the judgment, the former wife sought relief from the judgment, claiming, among other things, that the marital settlement agreement was unfair, the result of fraud, overreaching, coercion or duress, and was entered into without full knowledge of the parties' assets. *Id*. After an evidentiary hearing, the trial court relied on *Casto*, as opposed to rule 12.540(b), to find the marital settlement agreement was unfair to the former wife and, as a result, set it and the judgment aside. *Id*. The Second District Court of Appeal reversed, and the Florida Supreme Court agreed. *Id*. In doing so, the Florida Supreme Court explained that under the unique facts of the case, namely, the fact that the parties were represented by counsel, had engaged in extensive discovery, and executed the marital settlement agreement during the dissolution proceeding, the "more narrow provisions of rule 1.540[, rather than reasons under *Casto*,] present[ed] the more appropriate standards for challenging agreements entered into after litigation." *Id*. at 712–13. The court then went on to note that its holding was limited to the facts of that case. *Id*. at 713 n.7. Given this limitation, the holding in *Macar* does not, as Former Wife argues, allow for *Casto* to apply in the present case. And, Former Wife has not cited any other cases that convincingly support the application of *Casto* in this case. *See generally Suppa v. Suppa*, 871 So. 2d 988 (Fla. 5th DCA 2004) (providing no explanation why trial court properly applied *Casto* where former wife moved to set aside marital settlement agreement a month after judgment, which ratified the agreement, was entered).

5

affidavit, an argument on which the trial court did not make any findings or rulings. If, on remand, the trial court were to agree with this argument, it could grant Former Wife relief since that issue can be raised any time after a judgment. Fla. Fam. L. R. P. 12.540(b) ("[T]here will be no time limit for motions based on fraudulent financial affidavits in marital or paternity cases."); *see Mason v. Mason*, 358 So. 3d 1287, 1290–91 (Fla. 1st DCA 2023). Another example is Former Wife's argument that relief is appropriate under the portion of rule 12.540(b)(5) that permits relief where "it is no longer equitable that the judgment . . . should have prospective application." *See generally Pure H2O Biotechnologies, Inc. v. Mazziotti*, 937 So. 2d 242, 245 (Fla. 4th DCA 2006) (explaining rule 12.540(b)(5) "requires the movant to establish that significant new evidence or substantial changes in circumstances arising after the entry of the judgment make it 'no longer equitable' for the trial court to enforce its earlier order" and that "[i]f a party had a chance to litigate the issue before, present a defense below and did not do so, courts are reluctant to set aside previously entered judgments"). Such an argument must be brought in a "reasonable time." Fla. Fam. L. R. P. 12.540(b)(5). Since the trial court failed to address these arguments under rule 12.540(b), some of which require fact finding, we decline to decide these issues in the first instance. *Akers v. City of Miami Beach*, 745 So. 2d 532, 532 (Fla. 3d DCA 1999) (explaining appellate courts "should not ordinarily decide issues not ruled on by the trial court in the first instance"). Rather, the case will be remanded

6

for the trial court to rule on Former Wife's arguments and Former Husband's defenses thereto in the first instance.

By reversing the trial court's ruling on Former Wife's motion, we also reverse the portion of that ruling that denied as moot Former Husband's motion to enforce the Judgment, for an order of contempt, and for an award of attorney fees. With respect to Former Husband's request for attorney fees, we further note that, regardless of the trial court's ruling on remand, it must consider his request for attorney fees since the award of such fees under the governing statute—section 61.16(1), Florida Statutes—is not dependent on who prevails but is determined by one party's need and the other party's ability to pay. *Spector v. Spector*, 226 So. 3d 256, 261 (Fla. 4th DCA 2017); *Abraham v. Abraham*, 753 So. 2d 625, 625 (Fla. 3d DCA 2000). On this record, we cannot say that the record clearly precludes Former Husband from recovering any attorney fees. Therefore, regardless of the trial court's ruling on the parties' motions, the trial court shall consider Former Husband's request for attorney fees and Former Wife's arguments in opposition thereto under the applicable law, including consideration of the factors set forth in *Rosen v. Rosen*, 696 So. 2d 697 (Fla. 1997).

Accordingly, the trial court's order granting Former Wife relief from the MSA and Judgment is reversed, and the case is remanded for further proceedings consistent with this decision.

REVERSED and REMANDED.

STARGEL and SMITH, JJ., concur.

Mark A. Sessums, of Sessums Law Group, P.A., Tampa, for Appellant.

Victor R. Smith, Michael E. Raiden, and Jeffrey I. Burry, of Victor Smith Law Group, P.A., Winter Haven, for Appellee.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED