# Third District Court of Appeal

## State of Florida

Opinion filed November 6, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-0917
Lower Tribunal No. 17-14857
_____

**Luz A. Ospina-Shone,**
Appellant,

vs.

**Jason Andrew Shone,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Marcia B. Caballero, Judge.

Susan R. Brown, P.A., and Susan R. Brown (Plantation), for appellant.

Catherine L. Roselli (Fort Lauderdale), for appellee.

Before LOGUE, C.J., and LINDSEY and GORDO, JJ.

LOGUE, C.J.

Former Wife, Luz A. Ospina-Shone, appeals the trial court's order awarding her former Husband, Jason Andrew Shone, attorney's fees

pursuant to § 61.16(1), Florida Statutes. Because there was not competent, substantial evidence to support the trial court's decision, we reverse.

After the trial court entered its final judgment dissolving the parties' marriage, the Husband filed a motion seeking attorney's fees pursuant to § 61.16(1). He argued he was entitled fees because the Wife "vexatiously" litigated the dissolution proceedings. In support, he cited the Wife's rejection of three settlement offers he had proposed prior to and during the final dissolution hearing. He maintained the offers were "more than fair" and if the Wife had accepted them, she would have been in a better position. The only reason the Wife rejected them, he reasoned, was to force him to attend the final hearing, causing him to incur unnecessary attorney's fees. In support, he pointed to the fact that the Wife went into the final hearing asking for certain relief, but ultimately conceded some of her requests.

The trial court agreed and granted the Husband's motion. The Husband did not proffer evidence or even argue, however, that the Wife had the ability to pay his attorney's fees, or that he had a need for them to be paid.

Typically, we review a trial court's award of attorney's fees granted pursuant to § 61.16(1) for an abuse of discretion. Levy v. Levy, 388 So. 3d

987, 990 (Fla. 3d DCA 2024). However, competent, substantial evidence must support the trial court's decision. Id. at 990–91.

During a divorce proceeding, "[t]he [trial] court may from time to time, after considering the financial resources of both parties, order a party to pay a reasonable amount for attorney's fees . . . ." § 61.16(1), Fla. Stat. (2024). "[C]ircumstances to be considered include factors such as the scope and history of the litigation; the duration of the litigation; the merits of the respective positions; whether the litigation is brought or maintained primarily to harass (or whether a defense is raised mainly to frustrate or stall); and the existence and course of prior or pending litigation." Rosen v. Rosen, 696 So. 2d 697, 700 (Fla. 1997). But "[t]he parties' financial resources are the primary factor that the trial court must consider." Allen v. Juul, 278 So. 3d 783, 784 (Fla. 2d DCA 2019).

Therefore, when deciding a § 61.16(1) fee motion, there must be evidence that the moving party needs his attorney's fees to be paid, and that the nonmoving party can pay those fees. See Alarcon v. Dagen, 389 So. 3d 611, 614 (Fla. 3d DCA 2023) (holding there was not competent, substantial evidence of need and ability to pay to support the trial court's § 61.16(1) attorney's fee award, reasoning that "[w]hile the trial court may take into account the manner in which the [nonmovant] litigated a case, that factor

3

does not however, abrogate the requirement that [the nonmovant] have the ability to pay." (quoting Rogers v. Wiggins, 198 So. 3d 1119, 1121 (Fla. 2d DCA 2016) (internal quotation marks omitted)). See generally Pimienta v. Rosenfeld, 388 So. 3d 978, 980 (Fla. 3d DCA 2024) ("The trial court's summary denial of the Mother's motion for attorney's fees [made under § 61.16(1)], without making any findings regarding the parties' need and ability to pay, is reversible error."). However, no evidence of this was proffered. Thus, the trial court erred in granting the motion.[1]

Accordingly, we reverse the trial court's order awarding the Husband attorney's fees due to the Wife's rejection of his settlement offers.

Reversed.

---

[1] The Husband argues that the Wife failed to preserve this issue for appeal by not filing a motion for rehearing. However, "a motion for rehearing to challenge whether the trial court's order was supported by competent substantial evidence" is unnecessary. Aguilera v. Agustin, 374 So. 3d 4, 4 (Fla. 4th DCA 2023).